DREHMEL and wife, Plaintiffs-Appellants, v. RADANDT,
Defendant and Third-Party Plaintiff-Respondent:
SHELBY MUTUAL INSURANCE COMPANY, Defendant-
Respondent.†

*No. 75–108. Submitted on briefs December 2, 1976.—*
*Decided January 18, 1977.*
(Also reported in 249 N. W. 2d 274.)

† Motion for rehearing denied, with costs, on February 21, 1977.

For the appellants the cause was submitted on the briefs of *Robert D. Johns, Jr.*, and *Johns, Flaherty & Gillette, S. C.* of La Crosse.

For defendant-respondent, Shelby Mutual Insurance Company, the cause was submitted on the brief of *John M. Swietlik, Russell M. Ware* and *Kasdorf, Dall, Lewis & Swietlik* all of Milwaukee.

HEFFERNAN, J. The question herein presented is whether the trial judge properly exercised his discretion when he refused to permit the plaintiffs' amendment of a negligence complaint by adding thereto allegation of the negligent acts of two additional persons, eight years after the accident, five years after the running of the statute of limitations, and two years after plaintiffs gave notice of readiness for trial. We conclude that he did and affirm the order and judgment.

Drehmel was an employee of Henry Radandt, Inc., on November 11, 1966, when a steel beam fell from a truck which he was unloading and caused an injury that resulted in the amputation of part of a leg. He alleged in a complaint filed in November 1969 that Henry Radandt, Jr., was a co-employee and was negligent. The action named Radandt and Shelby Mutual Insurance Company, the insurer of the truck, as defendants. Shelby Mutual admitted coverage of the risk but denied liability for any negligence of Henry Radandt, Jr., on the ground that he was the employer of Drehmel and, hence, was immune under sec. 102.03 (2), Stats., from any liability other than workmen's compensation.

Subsequently, in July 1974, the plaintiff attempted to file an amended complaint which alleged basic facts as in the earlier complaint, but in addition alleged negligent acts of co-employees Othel H. Sipe and Joseph F. Lorenz,

although these persons were not named as party defendants.

Shelby Mutual then moved to strike the amended complaint on the ground that it stated a new and separate cause of action for the negligent conduct of Sipe and Lorenz and that such cause of action was barred by the running of the statute of limitations on November 11, 1969.

In response to this motion, plaintiff's counsel submitted an affidavit which purported to show that he had insufficient time before the running of the statute of limitations to investigate the particulars of the accident and that, for this reason, his neglect to allege the negligent conduct of Sipes and Lorenz in the original complaint was "excusable." Counsel stated that he was first contacted by Drehmel on May 23, 1969, and was obliged to file the summons and complaint before November 12, 1969.

The trial judge granted the motion to strike the amended complaint. In his memorandum decision the judge discussed the application of sec. 269.44, Stats.[1] He stated that, since the injury to Drehmel arose out of the same incident, but one cause of action was stated, and therefore amendment was not prohibited. On the basis of the rationale of *Caygill v. Ipsen*, 27 Wis.2d 578, 135 N.W.2d 284 (1965), it is apparent that the trial judge's analysis of a cause of action was correct.

---

[1] "269.44 Amendments of processes, pleadings and proceedings. The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process; pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

He held, however, on the authority of *Meinshausen v. A. Gettelman Brewing Co.,* 133 Wis. 95, 102, 113 N.W. 408 (1907), that, although no new or additional cause of action was stated, "new demands" were made on the defendant, and hence the doctrine of relation back could not be applied;[2] and for this reason he refused to allow the amended complaint and ordered it stricken.

As an entirely separate basis for his holding, the trial judge stated that, even were the statutory criteria for the amendment satisfied, it was his conclusion as a matter of discretion that it would be unfair to permit the amendment at this late date. He said in his memorandum decision:

"This Court is well aware that Sec. 269.44, Stats., permits a Court at any stage of the proceeding to allow amendments to the pleading and that such statute should be liberally construed. However, the application of that statute is subject to the discretion of the Court if the statutory criteria are met. *Celmer vs. Quarberg* (1973), 56 Wis. 2nd 581, 203 NW 2nd 45. While it can be argued that permitting the amendment to the complaint would be in the furtherance of justice in the eyes of the plaintiff it would have the opposite effect in the eyes of the defendant Shelby. It should be restated that this accident occurred on November 11, 1966 and that this action was not commenced until the final month prior to the expiration of the statute of limitations. In 1972 the plaintiff prepared, served and filed a certificate of readiness and notice of trial and two years subsequent to that has now attempted to amend the complaint when the matter has

[2] *Meinshausen* stated:

". . . an amendment 'which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. But an amendment which introduces a new or different cause of action, and makes a new or different demand, does not relate back to the beginning of the action, so as to stop the running of the statute . . . .'" (at 102)

been scheduled for trial. It would seem that public policy would dictate against the Court using its discretion in such a situation where an amendment might have been made closer to the commencement of these proceedings when the facts would be relatively fresh within the minds of the various participants. To ask that nearly eight years later the defendant Shelby assume financial responsibility for two additional participants without any prior warning permitting a timely investigation or utilization of discovery procedures is patently unfair. For those reasons, in addition to the reasons above, this Court refuses to permit the plaintiffs to amend the complaint in such fashion as will make the defendant Shelby financially responsible for the acts of individuals not pled in the original complaint."

Initially it should be noted that *Meinshausen, supra,* is specifically superseded by sec. 802.09 (3), Stats. (Code of Civil Procedure), 40 F., Wis. Stats. Anno. 59, Judicial Council Committee's Note–1974, sub. (3).

Sec. 802.09 (3), Stats., now provides:

"Relation back of amendments. If the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party."

While this rule of procedure, which now supplants sec. 269.44, referred to by the trial judge, did not become effective until January 1, 1976, it reflects liberal pleading practices that have been in *de facto* existence for

at least as long as the author of this opinion has been practicing law.

However, the trial judge did have reason to rely on *Meinshausen,* as he had a right to do, when he made his decision before the effective date of the revised code. Since, however, *Meinshausen* is dead, we need not, and should not, give interpretation to its ancient rationale beyond that which is applicable to the present case.

Judge Deehr properly concluded that no new or different cause of action was alleged. His reasoning is supported by precedents as old as the Field Code. See *Caygill v. Ipsen, supra,* and Clark (hornbook series), *Code Pleading,* page 721.

As is made clear by the present code, sec. 802.09(3), Stats.:

"If the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading."

Under *Meinshausen* and under the same but restated rationale of sec. 802.09(3), Stats., the amendment related to the same cause of action, i.e., what is now referred to as the same "conduct, transaction, or occurrence."

Hence, insofar as the cause-of-action test of *Meinshausen,* or the same-occurrence test of sec. 802.09(3), Stats., apply, the trial judge, considering only that, could have permitted the amendment.

He chose to conclude that *Meinshausen* did not permit the amendment, because a "new demand" was made upon Shelby Mutual when it was asked to respond in damages for the acts of parties not theretofore specified in the complaint. We consider the phrase, "new demand," as mere surplusage, repetitive of the cause-of-action concept. It is meaningless when the cause of action remains the same.

It can only have relevance in the sense that the court in *Meinshausen* intended to make clear that an amend-

ment, even when the original cause of action was preserved, ought not be allowed if additional and unfair burdens are placed upon the other party. We conclude, therefore, that the trial judge was incorrect when he concluded that the naming of two additional persons, for whom the principal defendant was alleged to be liable, as a matter of law precluded the amendment.

We conclude, however, that the trial judge correctly interpreted existing sec. 269.44, Stats., and correctly foreshadowed the interpretation of the present sec. 802.09 (3) when he held that, as a matter of discretion, an amendment should not in fairness be allowed eight years after the accident, five years beyond the statute of limitations and the time of the original filing.

It was within the discretion of the trial court to refuse to permit the amendment. *Gillett v. Robbins,* 12 Wis. 354 (*319) (1860) ; *Wipfli v. Martin,* 34 Wis.2d 169, 148 N.W. 2d 674 (1967). The grounds for the exercise of the judge's discretion were carefully stated and were based upon factors that we consider relevant to his decision. While the trial judge in the exercise of discretion might well have permitted the amendment, he gave good and sufficient reasons for striking the belated amendment, and we affirm his exercise of discretion.

We are not persuaded by counsel's argument that amendment should have been permitted because of counsel's "excusable neglect" to make a more complete investigation prior to pleading. The facts revealed in the affidavit of the attorney show that he had almost six months to investigate the case prior to the running of the statute of limitations. The affidavit also demonstrates that, prior to pleading, he was put on notice that a person or persons other than Radandt were involved in the incident. Moreover, no attempt was made to amend until almost five years after the original filing. As this court has previously said, "excusable neglect" does not mean a

poor excuse. *Giese v. Giese,* 43 Wis.2d 456, 461–62, 168 N.W.2d 832 (1969).

We do not in this opinion go further than to hold that the trial judge properly exercised his discretion when he concluded that it would be unfair to permit the late amendment to the pleadings.[3]

*By the Court.*—Order and judgment affirmed.

---

[3] While appeal is taken from the merits of the underlying judgment, the merits are not argued by either party.