George A. KORKOW and Gerald A. Korkow, Plaintiffs-
Respondents-Petitioners,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant-
Appellant.

Supreme Court

*No. 82–073. Argued January 31, 1984.—
Decided February 28, 1984.*

(Also reported in 344 N.W.2d 108.)

188

For the plaintiffs-respondents-petitioners there were briefs by *Craig L. Parshall* and *Law Offices of John J. McLario,* Menomonee Falls, and oral argument by *Mr. Parshall.*

For the defendant-appellant there was a brief by *Clyde C. Cross, Wayne L. Maffei* and *Cross, Mercer and Maffei,* Baraboo, and oral argument by *Wayne L. Maffei.*

DAY, J.   This is a review of a published decision[1] of the court of appeals reversing a judgment and order of the circuit court for Sauk county, Hon. James W. Karch, Circuit Judge. The issue on review is: May an amended pleading adding a separate claim by a new plaintiff after the statute of limitations has run relate back to the date of filing of the original complaint?

We hold that an amended pleading adding a separate claim by a different plaintiff may relate back to the date

---

[1] *Korkow v. General Casualty Co.,* 113 Wis. 2d 57, 334 N.W.2d 124 (Ct. App. 1983).

of filing of the original complaint if the requirements of sec. 802.09(3), Stats.[2] are satisfied and relation back will not cause unfairness or prejudice to the other party. We therefore reverse the decision of the court of appeals and reinstate the judgment of the trial court.

On November 5, 1979, the "Wildwood" tavern in Sauk County, Wisconsin was extensively damaged by fire. On April 7, 1980, George A. Korkow filed suit against General Casualty Company of Wisconsin (General Casualty) in the Sauk County Circuit Court claiming fire insurance proceeds. The claim was made under a fire insurance policy written by General Casualty in which George Korkow and his son, Gerald Korkow, were named as co-insureds. The complaint also sought damages for intentional breach of contract, libel and bad faith. On May 1, 1980, General Casualty answered denying liability under the policy and asserting the affirmative defenses of lack of insurable interest, misrepresentation and arson. On July 1, 1980, the trial court issued a scheduling order which set a December 12, 1980 deadline for the amendment of all pleadings and scheduled a pretrial conference for February 9, 1981. On December 10, 1980, George Korkow filed an amended complaint together with a motion for leave to amend and a notice of motion. The

[2] "802.09. **Amended and supplemental pleadings.** . . . (3) RELATION BACK OF AMENDMENTS. If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party."

amended complaint contained three claims by Gerald Korkow and requested relief in the alternative for George Korkow or Gerald Korkow.

At the February 9 pretrial conference, the trial court granted the motion to amend. General Casualty subsequently filed an amended answer which alleged, in addition to the other affirmative defenses, that Gerald Korkow's claim was barred by the one year statute of limitations under sec. 631.83 (1) (a), Stats.[3]

The arson issue was tried to a jury which found in a special verdict that the plaintiffs did not deliberately set the fire.[4] The plaintiffs moved the court for judgment against General Casualty for the stipulated loss of $26,-015.90 together with costs, disbursements and interest. General Casualty moved to dismiss the claim of George Korkow on the grounds that he lacked an insurable interest in the insured property and to dismiss the claim of Gerald Korkow on the grounds that he failed to commence the action within twelve months as required by sec. 631.83 (1) (a), Stats., and the insurance contract.

By its decision and order of October 30, 1981, the court granted General Casualty's motion to dismiss the claim of George Korkow on the grounds that he lacked an insurable interest in the property at the time of the fire.[5]

---

[3] "631.83. **Limitation of actions.** (1) STATUTORY PERIODS OF LIMITATION. (a) *Fire insurance.* An action on a fire insurance policy must be commenced within 12 months after the inception of the loss. . . ."

[4] The jury also found that there was no bad faith on the part of General Casualty in its handling of the claim and that there was no lien or encumbrance against the property which increased the risk of loss.

[5] The property was first purchased by land contract with George Korkow and Carol Korkow as joint tenants in a tenancy in common with their son, Gerald Korkow. Thereafter the elder Korkows assigned their interest to Gerald. Two weeks prior to the trial, Gerald Korkow attempted to assign his interest to his father. The trial court determined that the purported convey-

The court denied General Casualty's motion to dismiss the claim of Gerald Korkow. The trial court held that the amendment related back to the date of filing of the original complaint under sec. 803.01 (1), Stats.[6] General Casualty appealed to the court of appeals. That court reversed the trial court's order denying the motion to dismiss on the grounds that sec. 803.01, as applied, enlarged the statute of limitations period in violation of this court's rule making authority under sec. 751.12. This court accepted review to decide if an amended pleading adding a separate claim by a different plaintiff may relate back to the date of filing of the original complaint.

Our interpretation of the rules governing the relation back of amended pleadings must be made in light of the underlying aims and philosophy of Wisconsin's liberal civil procedure rules. Wisconsin long ago abandoned the highly formal concepts of common law form pleading in favor of more functional concepts defined in terms of the underlying transaction, occurrence or event that forms the basis of the claim. *Wussow v. Commercial Mechanisms, Inc.,* 97 Wis. 2d 136, 145, 293 N.W.2d 897 (1980) ; *Drehmel v. Radandt,* 75 Wis. 2d 223, 227, 249 N.W.2d

ance was invalid for lack of consideration. That holding was not challenged by the plaintiffs.

[6] In view of our decision that the amended pleadings related back to the date of filing of the original complaint under sec. 802.09(3), Stats., we need not decide whether the addition of Gerald Korkow's claim constituted a substitution of the real party in interest under sec. 803.01(1), which provides:

"803.01. **Parties plaintiff and defendant; capacity. (1)** REAL PARTY IN INTEREST. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

274 (1977). Wisconsin's current civil procedure code, which is patterned after the federal rules of civil procedure, became effective on January 1, 1976. The new code continues the trend of simplifying the rules of procedure in order "to secure the just, speedy and inexpensive determination of every action and proceeding." Section 801.01(2), Stats. This fundamental approach to pleading reflects a determination that the resolution of legal disputes should be made on the merits of the case rather than on the technical niceties of pleading. The "notice" pleading rules of the current civil procedure code are intended to facilitate the orderly adjudication of disputes; pleading is not to become a "game of skill in which one misstep by counsel may be decisive of the outcome." *Canadian Pacific Ltd. v. Omark-Prentice Hydraulics,* 86 Wis. 2d 369, 373, 272 N.W.2d 407 (Ct. App. 1978) (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957)).

Amendment of pleadings in civil actions in the circuit courts is governed by sec. 802.09, Stats. That section, which took effect on January 1, 1976, permits a party to amend its pleadings "once as a matter of course at any time within six months after the summons and complaint are filed or within the time set in a scheduling order. . . ." Other amendments are by leave of the court or consent of the adverse party. Leave to amend "shall be freely given at any stage of the action where justice so requires."

Subsection (3) of sec. 802.09, Stats., provides that under certain circumstances an amended pleading will be deemed to relate back to the date of filing of the original pleading. The language of that subsection does not expressly authorize the relation back of amended pleadings adding additional plaintiffs. The first sentence provides generally for the relation back of amendments if the claim asserted therein arose out of the "transaction, oc-

currence or event" set forth in the original pleading. The second sentence provides for the relation back of amended pleadings changing the party against whom a claim is asserted if additional conditions guaranteeing adequate notice and absence of prejudice have been met.

The federal counterpart to sec. 802.09(3), Stats., is found in Rule 15(c) of the Federal Rules of Civil Procedure. That rule in its current form is quite similar to the Wisconsin relation back statute.[7] Prior to 1966, the federal rule did not include the second sentence dealing with relation back of amended pleadings changing defendants. When that sentence was added in 1966, the Advisory Committee's Note stated that the relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) "since the problem [of the relation back of amendments changing plaintiffs] is generally easier." The note further states that the general attitude of the rule toward change of defendants ex-

---

[7] Rule 15(c) provides:

*"Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant."

tends by analogy to amendments changing plaintiffs. 39 F.R.D. 69, 83 (1966). Consistent with the advisory committee's analysis, the United States District Court for the Northern District of Illinois permitted relation back of an amendment adding a separate claim by a new plaintiff for loss of consortium.[8] *Hockett v. American Airlines, Inc.*, 357 F. Supp. 1343 (N.D. Ill. 1973).

A similar view of the applicability of Wisconsin's relation back statute to amendments changing plaintiffs is stated in Harvey, *Rules of Civil Procedure,* sec. 2166, (1975) wherein it is stated:

---

[8] The court in *Hockett* stated:

"The doctrine of relation back under Rule 15(c) is liberally applied today in the federal courts, especially if no disadvantage will accrue to the opposing party. 1A Barren & Holtzoff, Federal Practice and Procedure, Section 448 (Wright ed. 1960). Rule 15(c) is based upon the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitations are intended to afford, 3 Moore's Federal Practice para. 15.15[3]. The objective of state statutes of limitations, to protect persons from the necessity of defending stale claims, is served under Rule 15(c), since the amendment will not relate back unless the original pleading has given fair notice to the adverse party that a claim is being asserted against him from some particular transaction or occurrence. Wright, Law of Federal Courts, p. 276 (2d ed. 1970). In this case the Second Amended Complaint filed March 2, 1973, named Janet Hockett as a new plaintiff. No new defendants were added. Her claims for loss of consortium against the defendants, contained in Counts IV, V, and VI, and based upon the same allegations of negligence as are Curtis Hockett's. The factual matrix for Janet Hockett's claims is identical to that of her husband's. The defendants cannot claim prejudice in this case since they have been fully advised of the facts upon which Curtis Hockett has based his claim and have been vigorously preparing their defenses. Accordingly, Janet Hockett's claims relate back under Rule 15(c) to the date of the original pleading." 357 F. Supp. at 1347–1348. We agree with the reasoning of this court.

"Subsection (3) deals expressly only with amendments changing a defendant. Amendments changing a plaintiff should be dealt with liberally under the subsection's general provisions regarding relation back and in light of the provision of Rule 803.01(1) for substitution of the real party in interest within a reasonable time after objection on the ground that the action was not brought in his name."

The evident purpose behind sec. 802.09(3), Stats., like the purpose behind Federal Rule 15(c), is to ameliorate the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party of the claim or defense raised. 6 C. Wright and A. Miller, *Federal Practice and Procedure,* sec. 1496 (1971). There is nothing in either the language or the purpose of the rule evidencing its inapplicability to amendments changing plaintiffs. Provided a defendant is fully apprised of a claim arising from specified conduct by the original pleading, his ability to protect himself will not be prejudicially affected if a new plaintiff is added and he should not be permitted to make a statute of limitations defense.

The basic test for whether an amendment should be deemed to relate back is the identity of transaction test, i.e., did the claim or defense asserted in the amended pleading arise out of the same transaction occurrence or event set forth in the original pleading. If this test is satisfied, relation back is presumptively appropriate.

Although sec. 802.09(3), Stats. states the general rule for relation back of amendments, there may be situations where simple compliance with the letter of the relation back statute does not adequately protect a party's rights and therefore should not be permitted. In considering questions of relation back of amended pleadings under

the pre-1976 rules, this court has recognized the discretionary power of the trial court to deny a party leave to amend its pleadings when permitting an amendment to relate back would result in unfairness, prejudice or injustice to the other party. *Wussow*, 97 Wis. 2d at 148; *Drehmel*, 75 Wis. 2d at 249. Under the current rules, the trial court has discretion to grant leave to amend at any stage of the action when justice so requires. Section 802.09(1), Stats. When unfairness, prejudice or injustice is asserted, the question for the trial court is whether the party opposing amendment has been given such notice of the operative facts which form the basis for the claim as to enable him to prepare a defense or response.

In this case there is no question that the requirements of sec. 802.09(3), Stats., are satisfied; there was but one tavern, one fire and one insurance policy with General Casualty. Furthermore, General Casualty does not assert that its ability to prepare to meet the claim was prejudiced by allowing the amendment adding Gerald Korkow's claim. The original complaint provided all the notice necessary for General Casualty to prepare its defense under the statute. The trial court's decision allowing the amended pleading adding Gerald Korkow's claim was correct.

The court of appeals did not ground its reversal of the trial court's ruling on the plaintiffs' failure to bring themselves within the requirements of the relation back rules, but rather on the grounds that the rules, as interpreted, violate this court's rule making authority under sec. 751.12, Stats. That section states:

"**751.12. Rules of pleading and practice.** The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of

simplifying the same and of promoting the speedy determination of litigation upon its merits. The rules shall not abridge, enlarge or modify the substantive rights of any litigant. . . ."

In support of the court of appeals' decision, General Casualty here argues that the relation back rule, as applied in this case, denies it the protection of its statute of limitations defense and thereby abridges its substantive rights in violation of the statute. This argument obscures the fact that sec. 802.09(3), Stats., when properly applied, affords litigants the full benefit of the protections statutes of limitations were intended to provide.

The statute of limitations for claims under fire insurance policies is found in sec. 631.83(1)(a), Stats., which requires that "[a]n action on a fire insurance policy must be commenced within twelve months after the inception of the loss." An action is "commenced" for purposes of satisfying the twelve month time limit when the summons and complaint are filed with the court. Section 893.02. A complaint under the current civil procedure rule is "a short and plain statement of the claim, identifying the transaction, occurrence or event . . . out of which the claim arises and showing that the pleader is entitled to relief and . . . a demand for judgment for relief to which the pleader deems to be entitled. . . ." Section 802.02(1). On April 7, 1980, George Korkow filed a summons and complaint claiming fire insurance proceeds for losses resulting from the November 5, 1979 fire at the Wildwood tavern. This summons and complaint, filed approximately five months after the fire, "commenced" the action for purposes of sec. 631.83(1)(a).

The purpose of statutes of limitations is to ensure prompt litigation of claims and to protect defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost. *Gutter v. Sea-*

*mandel,* 103 Wis. 2d 1, 24, 308 N.W.2d 403 (1981) ; *Armes v. Kenosha County,* 81 Wis. 2d 309, 319–320, 260 N.W.2d 515 (1977). This purpose is accomplished by requiring that parties be given formal and seasonable notice that a claim is being asserted against them. If a party is given fair notice within the statutory time limit of the facts out of which the claim arises, as General Casualty was, it is not deprived of any protections the statute of limitations was designed to afford. The complaint filed on April 7 gave General Casualty formal and timely notice of the initiation of an insurance claim arising out of the November 5 fire. The purposes of the statute of limitations are not offended by deeming the action to have been commenced at that time and permitting the amendment adding Gerald Korkow's claim to relate back to that date.

Finally, General Casualty argues that Gerald Korkow's claim should be dismissed because it was not timely filed under the insurance policy provisions.

The insurance contract required that "no suit or action for the recovery of any claim shall be sustainable . . . unless commenced within 12 months after . . . the loss." General Casualty argues that even if sec. 802.09(3), Stats., effects a relation back of the date of filing of the amendment for the purpose of determining whether the action was timely commenced under the statute of limitations, state procedural rules cannot affect the determination of when the action was commenced for the purpose of determining whether it was timely filed under the contract. Our interpretation of the insurance contract does not support this conclusion.

The contract nowhere specifies how an action is "commenced" in order to satisfy the twelve month time limit. It evidently contemplates resort to some extra-contractual criteria for the definition of "commenced." Absent

a specific declaration to the contrary, it is reasonable to assume that an action is commenced when it is properly filed according to the rules of civil procedure. As noted above, under the civil procedure rules governing the calculation of when an action is filed, this action was commenced on April 7, 1980 when the original summons and complaint of George Korkow were filed. Therefore the initiation of the action was timely under the contract.

*By the Court.*—The decision of the court of appeals is reversed.