J. DENIS MORAN, Director of State Courts Supreme Court ofWisconsin
You ask two questions relating to the commencement of actions in domestic abuse cases. In addressing the commencement of an action for a domestic abuse restraining order or injunction, section 813.12 (2), Stats., provides:
 Commencement of action and response. No action under this section may be commenced by complaint and summons. An action under this section may be commenced only by a petition described under sub. (5)(a). The action commences with service of the petition upon the *Page 232 
respondent if a copy of the petition is filed before service or promptly after service. A petition may be filed in conjunction with an action affecting the family commenced under ch. 767, but commencement of an action affecting the family or any other action is not necessary for the filing of a petition or the issuance of a temporary restraining order or an injunction. Section 813.06 does not apply to an action under this section. The respondent may respond to the petition either in writing before or at the hearing on the issuance of the injunction or orally at that hearing.
Section 813.127 authorizes combined actions for domestic abuse, child abuse and harassment and provides:
 Combined actions; domestic abuse, child abuse and harassment. A petitioner may combine in one action 2 or more petitions under one or more of the provisions in ss. 813.12, 813.122 and 813.125 if the respondent is the same person in each petition. In any such action, there is only one fee applicable under s. 814.61 (1)(a). In any such action, the hearings for different types of temporary restraining orders or injunctions may be combined.
With this background, you initially ask:
 If a petition for domestic abuse (or child abuse, or harassment) is filed "in conjunction" with a family action, are separate filing fees charged, or does "in conjunction" in s. 813.12 (2) have the same meaning as "combined actions" in s. 813.127, that is, permitting those actions to be treated as one action with only one filing fee applicable? Or does "in conjunction" simply mean separate actions at the same time and therefore separate filing fees?
The American Heritage Dictionary 311 (2nd College Ed. 1991) defines "conjunction" as: "1. a. The act of joining. b. The state of being joined. 2. A simultaneous occurrence in space or time; concurrence." Under this definition section 813.12 (2) permits the filing of a domestic abuse petition so that this issue *Page 233 
is joined with the issues already raised in the action affecting the family.
If a domestic abuse petition is filed under section 813.12 (2) "in conjunction with an action affecting the family commenced under ch. 767," it is my opinion that no separate filing fee is applicable. A filing fee already would have been collected by the clerk under section 814.61 (1) when one of the family actions enumerated under section 767.02 (1) was commenced. There is no specific provision authorizing the clerk to collect an additional fee for the filing of such a petition in a pending family action.
In the absence of a pending family action, a domestic abuse action under section 813.12 is "commenced" with service of the petition upon the respondent if a copy of the petition is filed before service or promptly after service. The clerk of court is authorized to collect a fee under section 814.61 (1) when a domestic abuse action is commenced in this manner. However, under the plain language of section 813.127, there is only one fee applicable where a petitioner combines in one action two or more petitions for domestic abuse, child abuse or harassment if the respondent is the same person in each petition.
Wisconsin long ago abandoned the highly formal concepts of common law form pleading in favor of more functional concepts defined in terms of the underlying transaction, occurrence or event that forms the basis of the claim. Korkow v. General Cas.Co. of Wisconsin, 117 Wis.2d 187, 192-93, 344 N.W.2d 108 (1984). Permitting domestic abuse petitions in existing actions affecting the family and authorizing combined actions for domestic abuse, child abuse and harassment without requiring separate actions and fees is consistent with the modern attitudes toward liberal pleadings and judicial economy. Section 813.12 (2) effectively precludes the charging of two separate filing fees where a petition is filed in conjunction with an action affecting the family while section 813.127 authorizes combined actions where a petition has not been filed in conjunction with *Page 234 
an action affecting the family and allows for charging only one fee.
You next ask two other fee-related questions regarding a domestic abuse petition filed in an active case. You ask (1) when a petition for domestic abuse is filed in a pending family action, is the determining factor for whether or not to charge a filing fee the active case status or the proximity of filing dates and (2) if the determining factor is the proximity of the filing dates, is there a point in time when a domestic abuse action is considered a separate action in a pending family case?
It is my opinion that the sole determining factor is the active status of the case and not the proximity of the filing date. An action affecting the family is active or pending, so that a petition may be filed "in conjunction" with that action, only until a final judgment is entered. Although the court retains jurisdiction to hear and decide requests for modification of that judgment, any subsequent proceeding to enforce or modify a previous judgment or order is itself an action affecting the family under section 767.02 (1) which requires a new filing fee under section 814.61 (7).
For example, if a final judgment has been entered granting a divorce and establishing maintenance, support and custody obligations or conditions, a party to the divorce several months or years later might file a petition for a domestic abuse restraining order against the ex-spouse. Even though the family court retains jurisdiction to hear post-divorce matters such as revision of maintenance, support or custody, the petition for a restraining order would be an independent action requiring a filing fee under section 814.61 (1)(a) because no action is currently pending.
On the other hand, if under substantially the same circumstances a party also has filed a petition for revision or modification of an existing judgment or order, a filing fee would be required under section 814.61 (7). However, if the same person also filed a petition for a domestic abuse *Page 235 
restraining order either at the same time or while the revision or modification petition was still pending, no additional filing fee would be required.
JED:DPJ *Page 236