Brian BIGGART and Beverly Biggart, Plaintiffs-Appellants,

Nicole BIGGART, by their guardian ad litem, Ardell W. Skow, Plaintiffs,†

v.

Michael BARSTAD and American Family Mutual Ins. Co., Defendants-Respondents,

HERITAGE MUTUAL INS. CO., Defendant.

Court of Appeals

*No. 93–1780. Submitted on briefs October 11, 1993.—Decided February 15, 1994.*

(Also reported in 513 N.W.2d 681.)

†Petition to review denied.

422

On behalf of plaintiffs-appellants, the cause was submitted on the brief of *Ardell W. Skow* of *Doar, Drill & Skow, S.C.* of Baldwin.

On behalf of defendant-respondent, American Family, as insurer for Bernard Obermueller, the cause was submitted on the brief of *David E. Richie* of *Her-*

*rick, Hart, Duchemin, Danielson & Guettinger, S.C.* of Eau Claire.

On behalf of defendant-respondent, American Family, as insurer for Duane Cormican, the cause was submitted on the brief of *Nancy J. Sixel* of *Tinglum & Sixel* of River Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Brian and Beverly Biggart appeal an order granting partial summary judgment to American Family Mutual Ins. Co. and dismissing Brian's claims against it for the negligence of its insureds, Duane Cormican and Bernard Obermueller. The circuit court ruled that the claims were filed beyond the three-year statute of limitations for personal injuries. The Biggarts argue that the amended complaint against American Family as insurer of Cormican and Obermueller relates back to the original occurrence set forth in the complaint against Michael Barstad and his insurer, American Family, and is thus not barred by the statute of limitations. We conclude that the amended complaint's claim against American Family for Cormican's negligence does not relate back to the date of the original complaint and is barred by the statute of limitations. However, the claim against American Family for Obermueller's negligence does relate back to the date of the original complaint and is not barred. We therefore reverse in part and affirm in part.

The facts are undisputed. On March 11, 1989, Brian and his two children were involved in an automobile collision. A car driven by Cormican collided with a milk truck driven by Barstad and owned by Obermueller. Shortly thereafter, Brian's pickup truck collided

with the rear end of the stationary milk truck. American Family insured the milk truck under a policy issued to Obermueller. By coincidence, it also insured Cormican's car.

The Biggarts filed a complaint against Barstad and his insurer, American Family, on December 4, 1991. The complaint alleged that on March 11, 1989, American Family had a liability policy covering Barstad for damages caused by his negligent acts. It alleged that on that date, the Biggarts "struck a car operated by Michael Barstad" and that the "injuries and resulting damages were solely and proximately caused by the negligence of Michael Barstad." The complaint did not allege Cormican's involvement, his negligence in causing the Biggarts' injuries or his insurance contract with American Family. The complaint also did not allege that Obermueller owned the milk truck, that his negligence was a cause of the accident or that he had liability coverage under the same insurance policy covering Barstad.

The trial court's scheduling order required that new parties be joined by May 15, 1992. On March 15, 1993, the Biggarts filed an amended complaint adding the allegation of Cormican's and Obermueller's negligence in causing the accident and American Family's liability for such negligence under insurance policies covering both persons. Neither Cormican nor Obermueller were added as party defendants. Counsel for American Family as insurer of Cormican, and separate counsel for American Family as insurer of Obermueller, answered the complaint and moved the court for summary judgment dismissing the claims against each of them.

The trial court determined that the claims were barred under § 893.54, STATS.,[1] the three-year statute of limitations. It reasoned that although the facts alleged in the amended complaint arose from the same accident, the Biggarts were essentially attempting to add new parties to the action. The court relied on § 802.09(3), STATS.,[2] which permits an amended complaint changing parties to relate back only when the new parties knew that, but for a mistake in the original complaint, they would have been named in the original complaint. The court found no such mistake existed in this case and, consequently, the Biggarts' amended complaint did not satisfy § 802.09(3). Accordingly, the court granted summary judgment to American Family. The Biggarts petitioned this court for leave to appeal the trial court order, and we granted the petition.

■■■■

When reviewing an order for summary judgment, we apply the same methodology used by the trial court

---

[1] Section 893.54, STATS., states in part: "Injury to the person. The following actions shall be commenced within 3 years or be barred: (1) An action to recover damages for injuries to the person."

[2] Section 802.09(3), STATS., states:

Relation back of amendments. If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

and decide the matter de novo. *In re J.L.H.*, 149 Wis. 2d 349, 354, 441 N.W.2d 273, 274 (Ct. App. 1989). Summary judgment must be entered under § 802.08(2), STATS., if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Because the facts are not in dispute, we need only decide if American Family is entitled to judgment as a matter of law.

Under Wisconsin's direct action statute, § 632.24, STATS., the Biggarts are entitled to bring their actions for Cormican's and Obermueller's negligence directly against the insurer, American Family, without naming the insureds as defendants. *See Bowman v. Rural Mut. Ins. Co.*, 53 Wis. 2d 260, 263-64, 191 N.W.2d 881, 883 (1971). Section 632.24 makes the insurer liable to "the persons entitled to recover against the insured for the death of any person or for injury to persons or property . . . ." However, this statute predicates the liability to which an insurer is exposed on the liability of the insured; the right of action against the insurer exists only to the same extent it exists against the insured for his negligence. *Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 75, 307 N.W.2d 256, 266 (1981).

An action against an insurer that is not filed within the statute of limitations for a claim against an insured will be barred. *Kujawa v. American Indem. Co.*, 245 Wis. 361, 366, 14 N.W.2d 31, 34 (1944). The Biggarts' claims against American Family for Cormican's and Obermueller's negligence were filed after the statute of limitations had passed. Thus, under § 893.54, STATS., these claims are barred unless they

relate back to the original complaint under § 802.09(3), STATS.

Section 802.09(3), STATS., states in part: "If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading." This test is very nearly identical to Fed. R. Civ. P. 15(c).[3] 6A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1496 at 64 (2d ed. 1990), observes that:

> Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.

It also notes:

> [I]f the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired.

---

[3] Rule 15(c) states in part:

Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when . . . .

. . . .

(2)   the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

*Id.* § 1497 at 76-79.

Adequate notice in the original complaint of the transaction, events or occurrence out of which the amended claims arise is essential if a party's statutory right to the protections of the statutes of limitations are to be guaranteed. *Korkow v. General Cas. Co.*, 117 Wis. 2d 187, 199, 344 N.W.2d 108, 114 (1984) ("If a party is given fair notice within the statutory time limit of the facts out of which the claim arises . . . it is not deprived of any protections the statute of limitations was designed to afford."). Federal courts as well as our state courts recognize this emphasis on notice. *See, e.g., Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) ("The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted."); *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985) ("In determining if an amended complaint relates back, this Court regards as 'critical' whether the opposing party was put on notice regarding the claim raised therein.").

A review of the amended complaint leads us to conclude that its claims against American Family for Cormican's negligence does not arise from the transactions, occurrences or events in the original complaint within the meaning of § 802.09(3), STATS. The original complaint alleges that the Biggarts' injuries were solely caused by Barstad's negligence. Nothing in the original complaint remotely puts American Family on notice as to the claim alleged against it with respect to Cormican. There is no indication the original complaint was attempting to set forth facts indicating a larger accident with other negligent actors covered by other

430

insurance policies issued by American Family. It is only coincidence that American Family also insures Cormican. We reject the argument that anytime an insurer receives a complaint alleging that it is liable for the negligence of one insured it is, as a matter of law, put on notice of separate claims against it for the negligence of other insureds covered under different policies who happen to also have been involved in the same accident.

However, we reach a different conclusion with regard to the claim against American Family for Obermueller's alleged negligence. The Biggarts argue that *Drehmel v. Radandt*, 75 Wis. 2d 223, 249 N.W.2d 274 (1977), is dispositive and requires a conclusion that the claim based on Obermueller's negligence relates back to the original complaint. In *Drehmel*, an employee injured while unloading a truck filed a complaint against his employer and the insurer of the truck. The insurer admitted coverage of the risk but denied liability on the ground the employer was statutorily immune from any liability other than worker's compensation. *Id.* at 224, 249 N.W.2d at 275. Eight years later, the employee amended his complaint to allege liability of the insurer for negligent acts of two co-employees who were not named as party defendants. The trial court granted a motion to strike the amended complaint on the ground that although the amendment did not state a new cause of action, it made new demands of the insurer and therefore it could not relate back. The court also exercised its discretion to deny the amendment on the ground that permitting it to relate back would unfairly prejudice the defendant. *Id.* at 226, 249 N.W.2d at 275.

The supreme court affirmed on the basis the trial court properly exercised its discretion by striking the

amendment. *Id.* at 229, 249 N.W.2d at 277. However, the court took issue with the trial court's understanding of whether the amendment under § 269.44, STATS., (1973),[4] was permissible as a matter of law. The Biggarts rely on the court's statement: "We conclude, therefore, that the trial judge was incorrect when he concluded that the naming of two additional persons, for whom the principal defendant was alleged to be liable, as a matter of law precluded the amendment." *Drehmel*, 75 Wis. 2d at 229, 249 N.W.2d at 277. The Biggarts conclude that *Drehmel* thus permits an amended complaint to relate back where the amendment names the negligence of additional persons for whom the previously named insurer may be liable.

The Biggarts read *Drehmel* too broadly. That an amendment naming additional persons for whom the principal defendant is liable is not precluded as a matter of law does not mean every such amendment, as a matter of law, arises from the same transaction, event or occurrence. We do not read *Drehmel* to mean that anytime an insurer receives a complaint alleging that it is liable for the negligence of one insured that all subsequent amended complaints alleging further liability under the insurance policy automatically relates

---

[4] Section 269.44, STATS., (1973), was the predecessor to § 802.09(3), STATS. Section 269.44, STATS., (1973), provided:

Amendments of processes, pleadings and proceedings. The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based.

back to the original complaint. Such a rule would eviscerate the insurer's right to assert a statute of limitations defense with regard to its liability for other negligent insureds.

However, *Drehmel* is persuasive and appears to suggest that a broad and general complaint alleging an insurer's liability under a policy for injuries to a plaintiff may in some instances place the insurer on notice that its liability extends to other negligent conduct. In *Drehmel*, there was only one insurance policy insuring a truck. A complaint alleging an injury arising from the negligent operation of the truck would put the truck's insurer on notice that it was liable under the policy for the negligent use of the truck regardless of whether the negligent user was the truck's owner or some other user. *See also Korkow*, 117 Wis. 2d at 197, 344 N.W.2d at 113 (amended complaint adding additional plaintiff against insurer satisfied requirements of § 802.09(3), STATS., where "there was but one tavern, one fire and one insurance policy with General Casualty.").

We conclude that the amended complaint here related back to the original complaint. The original complaint described an accident on March 11, 1989, in which the Biggarts were allegedly injured by a vehicle insured by American Family. The amended complaint was for liability on the same policy for the same injuries alleged in the first complaint. The original complaint placed American Family on notice that it would be liable for injuries caused by the insured vehicle. Having received such notice, it is not unreasonable to require it to anticipate its liability may extend to the

negligent acts of other negligent insureds covered under the same policy.[5]

We note, however, there are situations where simple compliance with the letter of the relation back statute does not adequately protect a party's rights and therefore should not be permitted. *Korkow*, 117 Wis. 2d at 196, 344 N.W.2d at 113. Section 802.09(1), STATS., gives the trial court discretion to grant leave to amend a complaint at any stage when justice so requires. When unfairness, prejudice or injustice is asserted, the question for the trial court is whether the party opposing the amendment has been given such notice of the operative facts forming the basis for the claim so that the party may adequately prepare a defense or response. *Id.* Here, however, the trial court specifically found the amended complaint did not prejudice American Family's ability to defend itself. American Family does not dispute this finding.

■

We therefore conclude that the amended complaint's allegation of liability for Obermueller's negligence relates back to the date of the original complaint. The allegation of liability for Cormican's

---

[5] This emphasis on reasonable anticipation of other claims is in accord with how some federal courts interpret Fed. R. Civ. P. 15(c). In discussing the way in which a party receives notice, Wright notes:

> An approach that better reflects the liberal policy of Rule 15(c) is to determine whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question.

6A WRIGHT ET AL., *supra*, § 1497 at 93.

negligence does not relate back to the date of the original complaint.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded. No costs on appeal.