Rose THOM, Plaintiff-Respondent,†

Jean THOM, Plaintiff,

v.

ONEBEACON INSURANCE COMPANY,
Defendant-Appellant.

Court of Appeals

*No. 2006AP1617. Submitted on briefs February 20, 2007.
—Decided March 6, 2007.*

2007 WI App 123

(Also reported in 731 N.W.2d 657.)

† Petition to review denied 9/13/07.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael T. Steber* of *Zimmerman & Steber Legal Group*, Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jason W. Whitley* of *Novitzke, Gust, Sempf & Whitley*, Amery.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. This is a dispute over whether the statute of limitations bars Rose Thom's negligence claim against Jean Thom's liability insurer, OneBeacon Insurance.[1] The circuit court concluded the statute of

---

[1] For clarity, we refer to Rose and Jean Thom by their first names throughout this opinion.

limitations did not bar Rose's claim because it was tolled while Rose and Jean arbitrated their claims against OneBeacon for underinsured motorist (UIM) benefits.

¶ 2. We conclude: (1) the arbitration of Rose's UIM claim did not toll the statute of limitations on her new claim; (2) Rose's amended complaint did not relate back to her original complaint; and (3) Rose's amended complaint was not permissible as an amendment to conform to the evidence. Accordingly, we reverse the judgment and remand with directions to grant OneBeacon summary judgment.

## FACTS

¶ 3. This case stems from an April 14, 2001 two-car accident. The first car was driven by Mary Mallett, who is not a party to this suit. The other car was driven by Jean. Jean's sister Rose was a passenger in Jean's vehicle. Jean alleged Mallett's vehicle crossed the center line and forced Jean off the road. Mallett disputed Jean's account. She told police the Thom vehicle was speeding, then braked hard and went out of control even though "we both had time to miss each other."

¶ 4. Soon after the accident, Mallett's insurer paid its policy limits of $25,000 in exchange for a release of itself and Mallett. On June 10, 2003, the Thoms sent a letter to OneBeacon claiming benefits under the UIM portion of Jean's policy with OneBeacon and formally demanding arbitration pursuant to the policy. On December 9, 2003, while the arbitration was still pending, the Thoms filed suit against OneBeacon, alleging the injuries to Rose and Jean were caused by Mallett, and

the Thoms were entitled to UIM benefits.[2] On August 23, 2005, the panel of three arbitrators concluded Jean was solely responsible for the accident, and therefore the Thoms were not entitled to UIM benefits.[3]

¶ 5. Rose moved for leave to amend her complaint to allege a claim against OneBeacon based on Jean's negligence. The court granted leave to amend but reserved ruling on whether an amended complaint would be barred by the statute of limitations. Rose filed an amended complaint on December 22, 2005. The amended complaint alleged Jean's negligence caused Rose's injuries, and OneBeacon was liable to Rose as Jean's liability insurer.

¶ 6. OneBeacon moved for summary judgment, arguing the claim raised in Rose's amended complaint was barred by the statute of limitations. In response, Rose contended the amendment related back to the original complaint, the amendment was permissible to conform to the evidence, and the statute of limitations was tolled by the arbitration. *See* WIS. STAT. §§ 802.09(2)-(3), 631.83(5).[4]

¶ 7. The circuit court denied OneBeacon's motion for summary judgment. The court rejected Rose's arguments that the amendment related back or was an amendment to conform to the evidence, but accepted her argument that arbitration had tolled the statute of

---

[2] OneBeacon failed to timely answer the complaint; however, the circuit court denied Rose's motion for a default judgment. The court's denial of that motion is not part of this appeal.

[3] The arbitrators' decision is not in the record. In their briefs, OneBeacon and Rose agree on the date and substance of the arbitrators' decision.

[4] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

612

limitations. We granted OneBeacon leave to appeal the court's order denying summary judgment.

## STANDARD OF REVIEW

¶ 8. We review a grant or denial of summary judgment without deference to the circuit court. *Strassman v. Muranyi*, 225 Wis. 2d 784, 787, 594 N.W.2d 398 (Ct. App. 1999). In this case, the facts are undisputed, and the only questions presented involve statutory interpretation.[5] Application of a statute to undisputed facts is a question of law reviewed without deference to the circuit court. *Wieting Funeral Home v. Meridian Mut. Ins. Co.*, 2004 WI App 218, ¶ 11, 277 Wis. 2d 274, 690 N.W.2d 442.

## DISCUSSION

¶ 9. Under WIS. STAT. § 893.54, Rose had three years from the date of the accident to file a claim against OneBeacon based on Jean's negligence. The three years expired April 14, 2004, well before Rose's amended complaint was filed.

---

[5] In general, we review circuit court conclusions on whether an amended complaint relates back to the original for erroneous exercise of discretion. *Drehmel v. Radandt*, 75 Wis. 2d 223, 229, 249 N.W.2d 274 (1977). In *Drehmel*, the circuit court refused to permit the plaintiff to amend his complaint based on considerations of fairness and prejudice to the defendant. *See id.* In this case, the circuit court decided this issue as a matter of statutory interpretation, applying *Strassman v. Muranyi*, 225 Wis. 2d 784, 787, 594 N.W.2d 398 (Ct. App. 1999), and *Biggart v. Barstad*, 182 Wis. 2d 421, 430, 513 N.W.2d 681 (Ct. App. 1994). We agree with the court's analysis of the statute. We therefore need not decide whether some additional deference is due the court's decision.

¶ 10. Rose asserts that even so, her claim against OneBeacon is not barred for three reasons. First, she argues the arbitration of her UIM claim against One-Beacon tolled the statute of limitations under Wis. Stat. § 631.83(5). Second, she contends the operative date for statute of limitations purposes is the date of her original complaint because her amended complaint related back to her original complaint under Wis. Stat. § 802.09(3). Finally, she argues her amended complaint was permitted under § 802.09(2), which allows a party to amend pleadings to conform to the evidence.

## I. Tolling the statute of limitations

¶ 11. Rose's tolling argument is based on Wis. Stat. § 631.83(5):

> TOLLING OF PERIOD OF LIMITATION. The period of limitation is tolled during the period in which the parties conducted an appraisal or arbitration procedure prescribed by the insurance policy or by law or agreed to by the parties.

As we understand her argument, Rose argues this section tolls all claims between the parties in arbitration. OneBeacon argues this section applies only to first-party claims, not third-party claims. That is, One-Beacon argues the statute tolls the period of limitation only as to claims by insureds against their insurer, not to claims by third parties against a tortfeasor's insurer. We agree with OneBeacon's interpretation.[6]

---

[6] In the alternative, OneBeacon argues Rose's claim is barred by the doctrine of laches. Because we agree with OneBeacon's interpretation of Wis. Stat. § 631.83(5), we need not reach this alternative argument.

¶ 12. When interpreting statutes, we begin with the language of the statute. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is given its common, ordinary, and accepted meaning. *Id.* We interpret statutory language in the context in which it is used and in relation to the language of surrounding or closely related statutes. *Id.*, ¶ 46. We also interpret the statute in a way that will avoid absurd or unreasonable results. *Id.*

¶ 13. Here, the language of Wis. Stat. § 631.83(5) does not clearly support either of the parties' proposed interpretation. OneBeacon would read the statute to say "the period of limitation *on claims by an insured* is tolled during" arbitration. Rose would read the statute to say "the period of limitation *on all claims between the parties* is tolled during" the arbitration. Because the statute does not explain what specific period or periods of limitation are tolled by arbitration, the language itself does not answer the question presented here.

¶ 14. The context of Wis. Stat. § 631.83(5), however, indicates OneBeacon's interpretation is correct. All of the other subsections of § 631.83 refer only to first-party claims by insureds against their insurers. Paragraphs (1)(a)-(c) list periods of limitation for claims against different types of insurance polices. *See* Wis. Stat. §§ 631.83(1)(a) (fire insurance); 631.83(1)(b) (disability insurance); 631.83(1)(c) (life insurance when "absence is relied upon as evidence of death"). Paragraph (1)(d) states that the contract statute of limitations applies to other "actions on insurance policies." The phrase "actions on insurance policies" means first-party actions by insureds, not third-party claims for the

proceeds of a policy. *See Picus v. Copus*, 127 Wis. 2d 359, 362–63, 379 N.W.2d 341 (Ct. App. 1985).[7]

¶ 15. Subsection (2) to Wis. Stat. § 631.83 states that, except as specifically stated in subsec. (1) or in certain other statutes, the general statutes of limitation in Wis. Stat. § ch. 893 govern "actions on insurance policies." As noted above, the phrase "actions on insurance policies" means first-party claims by insureds, not third-party claims.

¶ 16. Subsection (3) to Wis. Stat. § 631.83 prohibits insurers from using policy language shortening the statute of limitations. Subsection (4) provides that an insured may not file suit until sixty days after the insured provides its insurer with proof of the loss. Both of these subsections apply only to first-party claims by insureds, not third-party claims.

¶ 17. Finally, Wis. Stat. § 631.83 is followed by Wis. Stat. § 631.85, which regulates arbitration and appraisals. Section 631.85 provides that under certain circumstances, insurance contracts may require insureds to submit to independent appraisal, compulsory arbitration, or both. This means first-party claims may be subject to compulsory arbitration. However, by definition there is no contractual relationship between an injured party and the tortfeasor's insurer. Therefore, a third-party claimant will never be subject to an "appraisal or arbitration procedure prescribed by the insurance policy" under § 631.83(5).[8]

---

[7] This is consistent with the statement in Wis. Stat. § 631.83(3) that "actions on insurance policies" are governed by the six-year contract statute of limitations. Claims by third parties are tort claims, not contract claims, and are subject to the three-year statute of limitations found in Wis. Stat. § 893.54.

[8] Section 631.83(5) does allow tolling for arbitration "agreed to by the parties." Rose does not rely on this language to expand § 631.83(5) to third-party claims.

616

¶ 18. Because all of the statutory language surrounding Wis. Stat. § 631.83(5), including the statute regulating arbitration and appraisals, applies only to first-party claims, we conclude § 631.83(5) tolls only first-party claims. Here, Rose's new claim against One-Beacon based on Jean's liability is a third-party claim. The statute of limitations on that claim therefore continued to run despite the arbitration, and expired on April 14, 2004, well before Rose filed her amended complaint.[9]

## II. Relation back

■

¶ 19. Rose next argues her new claim relates back to her original complaint. Relation back is governed by Wis. Stat. § 802.09(3):

> If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading . . . .

The key under § 802.09(3) is whether the original complaint gave fair notice of the new claim being raised. *Biggart v. Barstad*, 182 Wis. 2d 421, 430, 513 N.W.2d 681 (Ct. App. 1994).

¶ 20. *Biggart* is particularly instructive on this point. In that case Biggart, the plaintiff, was injured in an accident involving two other vehicles. In his original

---

[9] Rose contends this result violates public policy because it rewards OneBeacon's failure to timely answer the complaint. However, OneBeacon's failure to answer is an event unique to this case. Rose's argument therefore does nothing to explain why we should reject OneBeacon's interpretation of Wis. Stat. § 631.83(5).

617

complaint, he alleged a negligence claim against Barstad, the driver of the first vehicle, and Barstad's insurer, American Family. *Id.* at 426–27. After the statute of limitations expired, Biggart attempted to add a new claim against American Family based on negligence by the driver of the second vehicle.[10] *Id.* Coincidentally, American Family was also the second driver's liability insurer. *Id.* at 425–26. We concluded Biggart's new claim did not relate back to the original complaint:

> We reject the argument that anytime an insurer receives a complaint alleging that it is liable for the negligence of one insured it is . . . put on notice of separate claims against it for the negligence of other insureds covered under different policies who happen to also have been involved in the same accident.

*Id.* at 431.

■

¶ 21. The same rule applies here. Rose's original complaint alleged OneBeacon was liable based solely on Mallett's negligence. The amended complaint asserted OneBeacon's liability based on the negligence of a different individual—Jean.

¶ 22. In addition, Rose's new claim was under the liability portion of OneBeacon's policy rather than its UIM policy. While these were different parts of the same automobile insurance policy, not different policies as in *Biggart*, the effect of the change was the same. In *Biggart*, the amended complaint changed American Family from the liability insurer of one driver to the liability insurer of a different driver. Here, Rose's new claim against OneBeacon's liability coverage in effect changed OneBeacon from Mallett's liability insurer to

---

[10] *See* WIS. STAT. § 632.24 (allowing direct suits against liability insurers for injuries caused by their insureds).

Jean's liability insurer.[11] Rose's original complaint, like Biggart's, was therefore inadequate to put her insurer on notice that she would raise her new claim.

¶ 23. Rose argues OneBeacon was on notice of her claim because it was aware it had issued the liability policy to Jean and had alleged in its pleadings that Jean had negligently caused some or all of the Thoms' injuries. However, WIS. STAT. § 802.09(3) is designed "to ameliorate the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party *of the claim or defense raised." Korkow v. General Cas. Co.*, 117 Wis. 2d 187, 196, 344 N.W.2d 108 (1984) (emphasis added). Here, OneBeacon undoubtedly had knowledge of most of the facts underlying the claim raised in Rose's amended complaint. But nothing in Rose's original complaint indicated she would actually raise that claim. Her original complaint therefore did not give "fair notice" of her new claim to OneBeacon.

### III. Amendments to conform to the evidence

¶ 24. Finally, Rose argues her amended complaint is an amendment to conform to the evidence. She relies on WIS. STAT. § 802.09(2):

---

[11] A UIM insurer does not step into the shoes of the underinsured motorist for all purposes. *State Farm Mut. Auto. Ins. Co. v. Gillette*, 2002 WI 31, ¶ 36, 251 Wis. 2d 561, 641 N.W.2d 662. However, a UIM insurer is in the same position as an underinsured motorist's liability insurer in the sense that is important here: it may assert defenses to the injured party's tort claim, including contributory negligence, in the same way the underinsured motorist's liability insurer could. *See Sahloff v. Western Cas. & Sur. Co.*, 45 Wis. 2d 60, 69–70, 171 N.W.2d 914 (1969).

AMENDMENTS TO CONFORM TO THE EVIDENCE. If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues . . . .

Rose argues the issue of Jean's liability was tried at the arbitration when OneBeacon asserted Jean's contributory negligence as a defense to the sisters' UIM claims. 

¶ 25. Rose's argument misses the mark. There was no trial in this case, only arbitration. Rose provides no authority indicating the term "tried" in the statute refers to anything but a trial.

*By the Court.*—Order reversed and cause remanded with directions.