Ruth M. DAKIN, Plaintiff-Respondent,†

v.

Frances T. MARCINIAK, Eric C. Pease,
Langlade Memorial Hospital, Liberty Mutual
Insurance Company, The Cincinnati Insurance
Company, Tommy Thompson as U.S. Secretary
of Health & Human Services, ABC Insurance
Co., Unknown Insurance Carrier(s) providing
insurance coverage to each Defendant named
herein, identified pursuant to Wis. Stats. 807.12,
XYZ Company (s) and Unknown Defendants
identified pursuant to Wis. Stats. 807.12,
Defendants,

ROUNDY'S, INC. and Copp's Food Center a/k/a
Copp's Corporation, Defendants-Appellants.

Court of Appeals

*No. 04–0754. Submitted on briefs January 24, 2005.—Decided
March 8, 2005.*

2005 WI App 67

(Also reported in 695 N.W.2d 867.)

† Petition to review denied 6-1-2005.

492

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Randy S. Parlee* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Nathaniel Cade, Jr.* and *Timothy M. Hansen* of *Michael Best & Friedrich, LLP* of Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Roundy's, Inc., the successor in interest to Copp's Food Center, a/k/a Copp's Corporation,[1] appeals a nonfinal order denying its motion for summary judgment in this personal injury case.[2] Roundy's argues the court erred when it concluded that,

---

[1] Appellants will be referred to collectively as "Roundy's" in the rest of this opinion.

[2] We granted the petition for leave to appeal the nonfinal order on June 1, 2004.

under Wɪs. Sᴛᴀᴛ. § 802.09(3),[3] Ruth Dakin could amend her complaint to add Roundy's as a defendant after the three-year statute of limitations for her claims had expired. Roundy's contends there is no legal or public policy basis under (1) the relation back statute, § 802.09(3); (2) the tolling provisions of Wɪs. Sᴛᴀᴛ. §§ 893.54 and 893.13;[4] or (3) Wisconsin's judicially created discovery rule to allow Dakin to assert her untimely claims against it. We agree, reverse the order, and remand the cause to the circuit court with directions to grant a summary judgment in favor of Roundy's, thereby dismissing it from the lawsuit.

## Background

¶ 2. The events that gave rise to the underlying personal injury action in this case are straightforward. On April 4, 2000, at around 4:18 p.m., Eric Pease backed his car out of a parking space in a Copp's Food store parking lot. A bus Francis Marciniak was driving through the same lot swerved to avoid colliding with Pease.[5] Although the car and the bus never made contact, Dakin, a passenger in the bus, was thrown from her seat and injured. Dakin left the Copp's parking lot in an ambulance. Pease never reported this incident to his then employer, Copp's.

¶ 3. The procedural history of Dakin's claim is more complicated. On March 17, 2003, about three

---

[3] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[4] Because Dakin does not respond to Roundy's argument about the tolling provisions, we deem that argument conceded. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.,* 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

[5] The bus was owned by Marciniak's employer, Langlade Memorial Hospital.

weeks before the statute of limitations expired, Dakin filed a complaint against Pease,[6] Marciniak, Langlade Memorial Hospital, several named insurance carriers, and an unknown carrier and an unknown defendant under the fictitious name statute. *See* WIS. STAT. § 807.12(1). On November 24, Dakin amended her complaint, adding Roundy's as a defendant. Because Pease was an on-the-clock employee of Copp's at the time of the accident, the amended complaint alleged that Roundy's was liable to Dakin under a theory of respondeat superior.[7] On January 6, 2004, Roundy's moved for summary judgment on the ground that the statute of limitations for Dakin's personal injury claim had expired. After a February 23 hearing, the circuit court denied the motion. Roundy's petitioned this court for leave to appeal the nonfinal order. *See* WIS. STAT. § 809.50. We granted the petition on June 1, 2004.

## Standard of Review

¶ 4. A motion to dismiss based on the statute of limitations is treated as a motion for summary judg-

---

[6] Pease filed a motion to dismiss based on allegations of defective service of process. The circuit court found that because Pease had not been properly served, Dakin had also failed to commence her action against him properly. *See* WIS. STAT. § 801.11. The circuit court dismissed the complaint against Pease without prejudice on November 18, 2003; Dakin later refiled.

[7] For reasons the parties do not agree on, Pease was not deposed until November 5, 2003, after the statute of limitations had expired. At that time, Pease testified he was employed by Copp's as a roving security person, moving between several stores. On the day of the accident, Pease was scheduled to work from 10 a.m. to 4 p.m. Because the Antigo Copp's was not Pease's home store, however, he was also being paid for his drive home. Pease was therefore "on-the-clock" when the accident occurred.

497

ment. Wɪꜱ. Sᴛᴀᴛ. § 802.06(2)(b). We review such motions independently, applying the same methodology as the trial court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). If the plaintiff states a claim and the pleadings show the existence of factual issues, we determine whether the moving party has presented a defense that would defeat the claim. *Wiegert v. Goldberg*, 2004 WI App 28, ¶ 8, 269 Wis. 2d 695, 676 N.W.2d 522. Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Wɪꜱ. Sᴛᴀᴛ. § 802.08(2).

## Discussion

¶ 5. The parties agree that claims such as Dakin's are governed by Wɪꜱ. Sᴛᴀᴛ. § 893.54, which establishes a three-year statute of limitations for actions brought to recover damages caused by the "wrongful act, neglect or default of another." The parties also agree that Dakin's amended complaint, naming Roundy's as a defendant, was filed more than three years after the April 2000 accident. The circuit court concluded the statute did not bar Dakin's claims against Roundy's, however, because Dakin's amended complaint related back, under Wɪꜱ. Sᴛᴀᴛ. § 802.09, to her initial timely complaint. The court's conclusion reflected its determination that Roundy's, as Pease's employer, had constructive notice of the accident when it occurred.

¶ 6. To relate back, an amended pleading must satisfy four conditions. *See* Wɪꜱ. Sᴛᴀᴛ. § 802.09. First, the new pleading must arise out of the conduct set forth in the original pleading. Second, the party to be added must have received notice so it will not be prejudiced in maintaining its defense. Third, the party to be added must know or should have known that, but for a

498

mistake concerning identity, the action would have been brought against it. Finally, conditions two and three must be fulfilled within the prescribed limitations period.

¶ 7. Roundy's contends that constructive notice cannot satisfy the second Wis. Stat. § 802.09 requirement that the party to be brought in must have received notice so that it will not be prejudiced in maintaining its defense. In support of its position, Roundy's cites our decisions in *Bartels v. Rural Mut. Ins. Co.*, 2004 WI App 166, ¶¶ 14–15, 275 Wis. 2d 730, 687 N.W.2d 84, and *Grothe v. Valley Coatings, Co.*, 2000 WI App 240, ¶ 9, 239 Wis. 2d 406, 620 N.W.2d 463.[8] Dakin's response to this contention is not fully developed.[9] However, her argument appears to turn on the premise that because, for certain purposes, we ascribe knowledge to employers of their employees' actions, we should interpret § 802.09 as using notice in the same way. We are not persuaded.

¶ 8. Wisconsin courts have recognized that adequate notice in the complaint of the transaction, events or occurrence out of which the amended claims

---

[8] Our discussion does not address *Grothe* because it is not directly on point. *Grothe v. Valley Coatings, Co.*, 2000 WI App 240, ¶ 10–11, 239 Wis. 2d 406, 620 N.W.2d 463 (dealing with notice through a third-party summons and complaint). *Bartels v. Rural Mut. Ins. Co.*, 2004 WI App 166, ¶ 14–15, 275 Wis. 2d 730, 687 N.W.2d 84, does construe the fair notice condition of the statute; however it simply applies established principles of law. *See e.g., Korkow v. General Cas. Co.*, 117 Wis. 2d 187, 198–99, 344 N.W.2d 108 (Ct. App. 1984).

[9] The circuit court denied Roundy's motion to dismiss on the relation back theory; however, Dakin's brief to this court argues for affirmation of the decision primarily on an alternate ground, the discovery rule.

arise is essential if the statutory right to the protection of statutes of limitations are to be guaranteed. *Korkow v. General Cas. Co.*, 117 Wis. 2d 187, 199, 344 N.W.2d 108 (1984). Statutes of limitations are enacted to ensure prompt litigation of claims and to protect defendants from fraudulent or stale claims. *Id.* at 198; *see also Peterson v. Roloff*, 57 Wis. 2d 1, 12, 203 N.W.2d 699 (1973), and *State Farm Mut. Auto. Ins. Co. v. Schara*, 56 Wis. 2d 262, 268, 201 N.W.2d 758 (1972). Those policy purposes are served by requiring that parties be given "formal and seasonable notice that a claim is being asserted against them." *Korkow*, 117 Wis. 2d at 199. The question is thus whether the constructive notice Dakin alleges[10] functions as the kind of "adequate" or "formal and seasonable" notice required under the relation back statute.

¶ 9. We have held that an original complaint alleging injuries arising from a vehicle insured by a particular carrier placed that carrier on notice that its liability might extend to negligent acts of other negli-

---

[10] Pease testified that he never reported the incident in the parking lot to Copp's because there was no contact between the vehicles. Dakin offered no evidence to counter that testimony. Although Dakin "believes that the evidence will show that Appellants had actual notice," we are bound by the record as it comes to us. *See Eberhardy v. Circuit Court for Wood County*, 102 Wis. 2d 539, 571, 307 N.W.2d 881 (1981). The record does show that an Antigo police car and an ambulance were in the Copp's parking lot after the accident, which might give rise to the inference a manager or some other employee might have known about the event. However, Dakin offers no evidence to support this inference. She does not identify where in the lot the accident took place nor does she establish whether it could have been seen from the store. The bare possibility that someone might have seen something is not enough to establish that Copp's had actual notice of an accident involving its employee, Pease.

500

gent insureds covered under the same policy. *Biggart v. Barstad*, 182 Wis. 2d 421, 433–34, 513 N.W.2d 681 (Ct. App. 1994). We have also held that an amended pleading adding a separate claim by a different plaintiff related back to a timely filed original complaint. *Korkow*, 117 Wis. 2d at 189–90. In *Korkow*, there was a new claim by a new plaintiff, the son of the original plaintiff, but the claim involved the same tavern, the same fire, and the same insurance policy as the original claim. *Id.* at 197. Under those circumstances, the insurer's ability to prepare to meet the claim was not prejudiced. *See id.* In both *Biggart* and *Korkow*, defendant insurers had actual knowledge of the underlying transaction out of which their potential liability arose and that knowledge was held to be sufficient notice that potential liability might extend to other claims arising out of the known transaction.

¶ 10. The situation in this case is very different. As Dakin indicates, an employer with the requisite amount of control over the conduct of an employee may be held vicariously liable for that employee's negligent actions even when the employer had no actual knowledge of the negligent behavior. *See, e.g., Kerl v. Dennis Rasmussen, Inc.*, 2004 WI 86, ¶ 27, 273 Wis. 2d 106, 682 N.W.2d 328. But the fact that constructive notice can sometimes create vicarious liability does not mean that such notice is adequate for the purposes of ameliorating the effects of statutes of limitations. In Wisconsin, "[t]he limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other . . . which enjoys constitutional protection." *Haase v. Sawicki*, 20 Wis. 2d 308, 311–12, 121 N.W.2d 876 (1963). Statutes of limitations thus

implicate vital interests and are not designed to be easily avoided.

¶ 11. Statutes of limitations serve the critical public policy interests of limiting fraudulent claims and encouraging vigorous litigation of proper claims. Adequate and timely notice is critical to both policies. To the extent that constructive notice is either imputed knowledge or, as earlier courts have described it, a mere "trademark of fiction," such notice will rarely be sufficient to identify an underlying transaction for the purposes of investigation and defense. *Schoedel v. State Bank of Newburg*, 245 Wis. 74, 76, 13 N.W.2d 534 (1944) ("[C]onstructive notice is in point of literal fact neither notice nor knowledge."). We reject Dakin's theory that when she timely named Pease, who had not been a Copp's employee since 2000, and an unknown defendant in a complaint, she also gave Roundy's, who had never employed Pease, adequate notice that it would have to investigate and defend against her claims. Under these facts, Dakin's argument about constructive notice fails.

¶ 12. Even if we agreed that constructive notice could satisfy the relation back statute, that notice would still have to have occurred before the statute of limitations expired. For the purposes of a statute of limitations, an action must be commenced before a particular time, meaning a summons and complaint naming a defendant must be filed with the court before that time expires. *See* Wis. Stat. § 801.02. Once the court has subject matter jurisdiction over the claim, the plaintiff has sixty more days to obtain jurisdiction over the person of the defendant by proper service. *See id.* If, as here, the plaintiff files a complaint and summons

within the statutory time limits using a fictitious name for one defendant, the plaintiff may amend the complaint after the limitations have expired as long as the action leaves the defendant in "no worse position . . . than it would have been had it been named accurately in the first summons and complaint . . . ." *Lak v. Richardson-Merrell, Inc.*, 100 Wis. 2d 641, 649, 302 N.W.2d 483 (1981). To satisfy the fourth condition of the relation back statute, the defendant must thus have notice by proper service no more than sixty days after the statute of limitations expires. Here, Dakin did not serve Roundy's until she filed her amended complaint in November, well after the sixty days had passed.

¶ 13. Roundy's also argues that the Wisconsin discovery rule is inapplicable because Dakin's claim clearly accrued on the day the accident occurred. Dakin counters that, for the purposes of statutes of limitations, a claim does not accrue until a plaintiff discovers both an injury and the defendant who may have caused that injury. *See Borello v. United States Oil*, 130 Wis. 2d 397, 410–11, 388 N.W.2d 140 (1986). Under that formulation, Dakin argues that her claim did not accrue until she knew the identity of all the parties who caused her injury, including Roundy's. We disagree.

¶ 14. The supreme court first adopted a discovery rule for determining when claims accrue—"on the date the injury is discovered or with reasonable diligence should be discovered"—in a products liability suit stemming from injuries caused by defendant's Dalkon Shield.[11] *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550,

---

[11] *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 554, 335 N.W.2d 578 (1983), augmented the much older rule that a cause of action accrues where "there exists a claim capable of present

503

560, 335 N.W.2d 578 (1983). Reversing a long line of cases holding that claims accrued on the date the injury occurred, *Hansen* sought to balance the threat of stale or fraudulent actions against the injustice of barring meritorious claims before the claimant knows of the injury. *Id.* at 559. *Hansen* was amplified in *Borello*, which held that a claim did not accrue until "the nature of the injury and the cause—or at least a relationship between the event and injury—is or ought to have been known to the claimant." *Borello*, 130 Wis. 2d at 406–07. Expansion of the discovery rule has been balanced by the requirement that plaintiffs exercise reasonable diligence and not ignore means of information reasonably accessible to them. *See, e.g., Spitler v. Dean*, 148 Wis. 2d 630, 638, 436 N.W.2d 308 (1989). When the material facts are undisputed and only one inference can reasonably be drawn, whether a plaintiff exercises reasonable diligence in the discovery of an injury is a question of law.[12] *See Groom v. Professionals Ins. Co.*, 179 Wis. 2d 241, 249, 507 N.W.2d 121 (Ct. App. 1993).

---

enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it" (quoting *Barry v. Minahan*, 127 Wis. 570, 573, 107 N.W. 488 (1906)).

[12] Some federal courts have suggested that ordinary personal injury claims such as Dakin's should be treated differently than medical malpractice claims for the purposes of the discovery rule. *See, e.g., Steele v. United States*, 599 F.2d 823, 828 (7th Cir. 1979). In *Steele*, for example, the Seventh Circuit concluded that plaintiff's claim against the FAA was untimely despite the argument that he did not know that the FAA controlled the remote power switch that shocked him. The fact that plaintiff knew immediately not only that he was injured, but what caused the injury, put him on notice of an invasion of his legal rights, the court concluded. *Id.* Under such circumstances, it is the duty of the victim of the tort to discover the negligent acts and file a claim with the required statutory period. *Id.* However, no Wisconsin court has addressed this issue.

¶ 15. Dakin's argument implies the discovery rule tolls the statute of limitations in personal injury cases until a plaintiff discovers every defendant who might be legally liable for the injury.[13] But the fact that a claim does not accrue until the plaintiff has knowledge of a suable party does not necessarily mean that it does not accrue until all suable parties are known.[14] The purpose

---

[13] According to *Borello v. United States Oil*, 130 Wis. 2d 397, 406–07, 388 N.W.2d 140 (1986), the Wisconsin rule for malpractice accrual is knowledge of an injury and knowledge the injury was probably caused by the defendant's conduct or product. Under Wisconsin law, it is not clear that knowledge of causality entails knowledge of both what and all possible who's.

[14] A few courts have addressed the unknown defendant problem in non-medical contexts. In *Liuzzo v. United States*, 485 F. Supp. 1274, 1282 (E.D. MI 1980), plaintiffs sought to bring charges against the FBI for the bureau's involvement in the 1965 murder of their mother, Viola Liuzzo. Liuzzo was shot by four Klansmen in the course of her civil rights work. *Id.* at 1276. Arrests were swiftly made and the Klansmen were convicted. *Id.* Years later, the chief witness in the case was identified as an FBI informer and evidence suggested the FBI may have had some responsibility for the murder. *Id.* at 1282. The court concluded that plaintiffs' claims were not barred by the statute of limitations: where plaintiffs had no reason to investigate the cause of their mother's death and no reasonable suspicion the FBI was involved, their claims did not accrue until they had some knowledge of FBI involvement. *Id.* at 1284.

In a wrongful death action involving the sulfite agent used in a restaurant, the Arizona Court of Appeals considered whether the statute of limitations barred claims against a distributor whose identity remained unknown until after the statute of limitations had expired. *Lawhon v. L.B.J. Institutional Supply, Inc.*, 765 P.2d 1003 (Ariz. Ct. App. 1988). The court concluded that both the "who" and "what" elements of causation were required for a claim to accrue, and remanded the

of the discovery rule is to limit the manifest injustice that would arise when application of the statute of limitations would destroy the rights of injured parties who could not have brought their claims earlier. *See Hansen*, 113 Wis. 2d at 556. It is not a promise to suspend limitations until optimal litigation conditions are established, and we decline to expand the rule in that direction.

¶ 16. Dakin's claim that the discovery rule should bar the application of the statute of limitations in her particular case is unpersuasive. Dakin argues that she did not know, and could not with reasonable diligence have learned, that Roundy's was also potentially liable as Pease's employer. Dakin admits, however, she knew she was hurt in April 2000. There is also no dispute she knew that Pease, Marciniak, and Langlade were responsible for her injuries. Dakin thus had knowledge both of injury and cause in April 2000.

¶ 17. Dakin had the means of further information available to her, in the form of police reports identifying Pease and Marciniak, but apparently took no steps to investigate either the two men or the accident.[15] Dakin suggests she could not have known about Pease's relationship with his employer because she did not allege a safe place claim, under Wis. Stat. § 101.11, which might have brought that relationship to light. However, Dakin's decision not to pursue a legal avenue that might have produced useful information is not evidence of reasonable diligence.

case to the trial court so that it could hear evidence on whether the plaintiff had exercised reasonable diligence in attempting to identify the distributor.

[15] Pease did not move to Montana until after his marriage at the end of the summer of 2000. It thus should have been possible to investigate him in the months after Dakin's injury.

¶ 18. Dakin also argues that Pease's failure to report the accident to his employer prevented her from learning that Pease worked for Copp's and therefore absolves her from the exercise of diligence. But this argument only adds circularity to burden shifting. Pease's decision not to tell Copp's about his near collision in the parking lot could not prevent an investigation never undertaken. Dakin suggests Pease's silence made discovering his relationship with Copp's more difficult, but there is no reason to believe the identity of Pease's employer would not have emerged, as it eventually did, through timely discovery. Speculation after the fact about why an investigation might have failed does not alter the fact that Dakin never attempted any investigation, before the statute of limitations expired, of a defendant known to her in April 2000.[16] Dakin simply did nothing that might have produced more information and we conclude that, in this case, doing nothing was not an exercise of reasonable diligence.

¶ 19. Because we conclude that any notice to Roundy's in Dakin's initial complaint was insufficient to satisfy Wis. Stat. § 802.09(3) and that the discovery rule does not bar the application of the statute of limitations to Dakin's complaint, we reverse the order and remand the matter to the circuit court with directions to grant a summary judgment in favor of Roundy's, thereby dismissing it from the lawsuit.

*By the Court.*—Order reversed and cause remanded with directions.

---

[16] Pease was twenty-four at the time of the accident. It thus would have been logical to assume he was employed by someone, raising at least the possibility of a vicariously liable defendant.