COURT OF APPEALS
DECISION
DATED AND FILED

February 4, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP527**

STATE OF WISCONSIN

Cir. Ct. No. **2016CV102**

IN COURT OF APPEALS
DISTRICT IV

JAMES M. KNEIFL,

PLAINTIFF-RESPONDENT,

V.

BARRY RUMPEL,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for La Crosse County: TODD W. BJERKE, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. James Kneifl filed a civil suit against Barry Rumpel alleging that Rumpel used a variety of false pretenses to obtain money from Kneifl and then improperly retained the money. Two of Kneifl's claims were tried to a jury: intentional misrepresentation and civil theft. A jury returned verdicts entirely in favor of Kneifl. Rumpel appeals the circuit court's denial of his motion for summary judgment, based in pertinent part on Rumpel's contention that the tort claims were barred under the applicable limitations period of six years. We reject Rumpel's statute of limitations argument and accordingly affirm.[1]

---

[1] We summarily reject two separate arguments that Rumpel makes. First, Rumpel argues that the circuit court improperly "allow[ed] tort claims arising from a contract to proceed in the absence of any evidence of an extra-contractual duty." But Rumpel admits that he failed to present this argument to the circuit court. "Arguments raised for the first time on appeal are generally deemed forfeited." *Tatera v. FMC Corp.*, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810. This forfeiture rule allows circuit courts "to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal," and ensures notice and fair opportunities for the parties and circuit court to address them. *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612. Notably, after Kneifl argues that an insufficient factual record was developed on this issue in the circuit court, Rumpel concedes the point by failing to address it in his reply brief. *See United Co-op. v. Frontier FS Co-op.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in respondent's brief may be taken as a concession). We conclude that there are sound reasons to apply the general forfeiture rule here and we reject Rumpel's argument that this is the exceptional case in which we should exercise our discretion under WIS. STAT. § 752.35 (2017-18) based on a likely miscarriage of justice.

Second, Rumpel argues that the circuit court should have granted his motion for a directed verdict, but he fails to provide us with a complete record of relevant evidence presented at trial. Kneifl points out this failing, and appropriately cites case law establishing that under such circumstances we assume that missing transcripts would support the circuit court's ruling. *See State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 ("It is the appellant's responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling.'" (quoted source omitted)). Rumpel concedes the point by failing to address it in his reply brief. *See United Co-op.*, 304 Wis. 2d 750, ¶39.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶2      On March 4, 2016, Kneifl filed a civil complaint against Rumpel, and later followed with a largely duplicative amended complaint.[2]  But Rumpel has never disputed that the amended complaint relates back to the originally filed complaint for statute of limitations purposes.

¶3      The operative complaint made allegations that included the following.  Kneifl and Rumpel both lived in Bangor, Wisconsin.  At pertinent times, Rumpel was Kneifl's "financial advisor and investor" and also "took steps to befriend" Kneifl and "place himself in a place of admiration and trust with" Kneifl.  Sometime before April 21, 2008, Rumpel convinced Kneifl to give him $2,000 "under the guise that it was a down-payment towards a hunting trip in New Mexico."  Rumpel later convinced Kneifl that Rumpel's "wife had left him and wiped out his financial accounts while he was away on another hunting trip," including the $2,000 that Kneifl had given him.  Rumpel further convinced Kneifl to lend him $40,000 using a promissory note, which included a provision that Kneifl would forfeit $4,000 if Kneifl or his son "'[said] anything to anybody about this agreement.'"

¶4      The complaint further alleged that Rumpel subsequently approached Kneifl and convinced him that Kneifl needed to lend more money to Rumpel in order for Rumpel to repay the prior $40,000 loan, and promised Kneifl that he would repay that loan on the agreed terms, with "any interest and costs" that Kneifl incurred in borrowing the additional money.  This resulted in another

---

[2] The amended complaint named as added defendants owners of property that was allegedly placed at issue based on an added claim of fraudulent conveyance, but nothing about the fraudulent conveyance claim is pertinent in this appeal and we ignore these additional parties, who are not parties to the appeal.

purported loan of $9,800 on or about July 18, 2008. In persuading Kneifl to make these purported loans, Rumpel "repeatedly touted his ability to repay the loans and to fulfill the other promises he made, describing the loans as good and profitable 'investments' for" Kneifl, and "made repeated reassurances to [Kneifl] about his ability and commitment to repay the above-described loans and to carry through on the other obligations accompanying them." Despite all that, Rumpel had returned to Kneifl only $10,232.21.

¶5 Based on these allegations, Kneifl claimed breach of fiduciary duty, intentional misrepresentation, civil theft, breach of contract, promissory estoppel, unjust enrichment, and fraudulent conveyance.

¶6 Rumpel moved for summary judgment. As pertinent here, Rumpel relied on the fact that Kneifl had not filed suit until 2016 and suggested that all pertinent conduct had occurred no later than 2009. Kneifl opposed this motion, in pertinent part on the ground that there was evidence that Rumpel "has insisted that he had 10 years to pay these debts," and "made assurances of repayment" to Kneifl over the years following 2008. The circuit court denied the motion on the ground that the summary judgment record reflected allegations of representations made by Rumpel to Kneifl as late as 2015 that created a factual dispute about when Kneifl discovered or with reasonable diligence should have discovered that he had tort claims to pursue. The court explained that, in light of other evidence that could be credited by a jury, the facts that the parties had entered into the loans in 2008 and that Rumpel failed to make a payment in 2009 were not alone a sufficient basis to establish the accrual of the causes of action in 2009.

¶7      Based on events not pertinent to any issue that we resolve, Kneifl proceeded to trial on only two claims, both torts:  a common law claim of intentional misrepresentation and a civil theft claim.[3]

¶8      The jury found for Kneifl on all elements of both claims, and determined that $93,000 would fairly and reasonably compensate him.[4]  The jury also found that Rumpel acted maliciously toward Kneifl or in intentional disregard of his rights, but awarded no punitive damages.  The court entered an order for entry of judgment, with costs of litigation, in the amount of $115,261.52.  Rumpel

---

[3] A common law claim of intentional misrepresentation requires proof that:  the defendant made a representation of a fact, which was untrue; the plaintiff believed such representation to be true and relied on it to his or her detriment; the defendant either knew the representation to be untrue or recklessly made the representation without caring whether it was true or false; and the defendant made it with the intent to deceive and to induce the plaintiff to act on it to the plaintiff's pecuniary damage. *Kailin v. Armstrong*, 2002 WI App 70, ¶40 & n.23, 252 Wis. 2d 676, 643 N.W.2d 132.

A civil theft claim, based on WIS. STAT. §§ 895.446 and 943.20, requires proof that:  the defendant "intentionally used, transferred, or retained possession of movable property of" the plaintiff; the plaintiff "did not consent to taking and carrying away the property"; the defendant knew that the plaintiff did not consent; and the defendant "intended to deprive" the plaintiff "permanently of the possession of the property." *Estate of Miller v. Storey*, 2017 WI 99, ¶40, 378 Wis. 2d. 358, 903 N.W.2d 759.

[4] While we do not address the issue for the reasons stated above, we note for context that, at trial, Rumpel moved for a directed verdict based on the statute of limitations.  He argued that the evidence showed that Kneifl "would have known" no later than July 2009 that Rumpel was "in default" of both loans by their explicit terms, which was well over six years before Kneifl filed the original complaint and thus beyond any applicable statute of limitations.  Kneifl argued in pertinent part that the evidence showed that, under the fraudulent and coercive circumstances created by Rumpel, including misrepresentations that Rumpel made to lull Kneifl, accrual of the causes of action had not occurred.  The circuit court denied Rumpel's motion on the ground that there was sufficient evidence that, over an extended time period Rumpel repeatedly misled Kneifl with false promises that repayment was imminent, and thus the court rejected the argument that Kneifl discovered or could reasonably have discovered the bases for his tort claims within applicable limitations period.

5

appeals the judgment, and we address his challenge to the circuit court's summary judgment decision.[5]

¶9      We review de novo a grant or denial of summary judgment, using the same methodology as the circuit court. *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. Summary judgment is appropriate only when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶10      We review summary judgment materials "in the light most favorable to the non-moving party." *Midwest Neurosciences Assocs. v. Great Lakes Neurosurgical Assocs.*, 2018 WI 112, ¶80, 384 Wis. 2d 669, 920 N.W.2d 767. "[I]f more than one reasonable inference can be drawn from the undisputed facts, summary judgment is not appropriate." *Schmidt v. Northern States Power Co.*, 2007 WI 136, ¶47, 305 Wis. 2d 538, 742 N.W.2d 294. "'Any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against'" the party moving for summary judgment. *Id.*, ¶24 (quoted source omitted).

¶11      We now explain why we reject the only argument that Rumpel makes challenging the circuit court's decision to leave for the jury's determination whether Kneifl discovered or should have discovered his injuries before the six-year statute of limitations accrued on both claims.

---

[5] We assume without deciding that Rumpel is not precluded by equitable estoppel from making a statute of limitations argument, as Kneifl contends. Similarly, we assume without deciding that Rumpel could raise a statute of limitations defense despite the fact that he did not assert it as an affirmative defense in his answer to the amended complaint.

¶12     One problem with Rumpel's briefing is that, at a minimum, it creates potential confusion. He presents a single overarching argument, which relies in part on trial testimony, that purports to support his challenges to both the circuit court's summary judgment decision and its directed verdict decision. We have explained above why we reject Rumpel's challenge to the court's denial of his motion for directed verdict—we lack a trial record that contains all relevant items. Rumpel's approach to the summary judgment issue ignores the fact that, when reviewing a summary judgment decision, we are to "confine our review to the proofs that were before the circuit court" at the time of the summary judgment decision. *See Strasser v. Transtech Mobile Fleet Serv.*, 2000 WI 87, ¶34, 236 Wis. 2d 435, 613 N.W.2d 142. In sum, it undermines Rumpel's argument that he fails to present a single, clear argument based on the summary judgment record.[6]

¶13     With that clarification, we turn to Rumpel's argument as best we understand it under the proper standard of review. The parties agree that the circuit court correctly determined that the applicable statute of limitations for both claims is six years, under the version of WIS. STAT. § 893.93 ("[m]iscellaneous actions") that applies to each cause of action in this case.[7] They also agree that the discovery rule for determining when tort claims accrue applies here, which we now explain.

---

[6] Kneifl also fails to properly distinguish between the evidence available at each stage, but our review is de novo and we reject Rumpel's only developed argument on appeal that he has not forfeited. It is Rumpel who has taken on the appellant's obligation of showing a basis to reverse the circuit court, asserting that the only reasonable inference that can be drawn from the undisputed facts in the summary judgment record is that the statute of limitations accrued in April 2009.

[7] Rumpel acknowledges that an amendment to WIS. STAT. § 893.93 in 2017 Wisconsin Act 235, which added a subpart (1m) and shortened the statute from six years to three years, does not apply here.

¶14    The statute of limitations begins to run when the plaintiff's claim accrues.  *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578 (1983).  Under the discovery rule, civil tort claims accrue "on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first."  *Id.*  For fraud claims to accrue, the plaintiff must know "of facts constituting the fraud," WIS. STAT. § 893.93(1)(b) (2015-16), although accrual can occur even if the plaintiff is not actually aware that he or she has been defrauded. *See Koehler v. Haechler*, 27 Wis. 2d 275, 278, 133 N.W.2d 730 (1965).

¶15    The discovery standard "does not require that the potential plaintiff know with certainty the cause of her injury."  *Claypool v. Levin*, 209 Wis. 2d 284, 300, 562 N.W.2d 584 (1997).

> [I]n an appropriate case, an initial suspicion may trigger the discovery or the obligation to exercise reasonable diligence to discover the injury.  However, in another case, a greater degree of certainty may be required.  The point is that every case must be judged on its own facts from the standpoint of the reasonable person.

*Goff v. Seldera*, 202 Wis. 2d 600, 611-12, 550 N.W.2d 144 (Ct. App. 1996) (affirming denial of summary judgment in a medical malpractice case because the evidence submitted on summary judgment allowed for "competing reasonable inferences and conclusions" about whether plaintiff-patient should have discovered her injury over the course of four years).

¶16    A plaintiff acts with reasonable diligence if the plaintiff pursues the investigation of a potential claim as a reasonable person would.  *See Carlson v. Pepin Cnty.*, 167 Wis. 2d 345, 353, 481 N.W.2d 498 (Ct. App. 1992).  Courts are to make objective inquiries into what information a plaintiff needed to possess for

his or her claim to accrue and whether a plaintiff exercised reasonable diligence. *See **id.***

¶17    Rumpel's single developed argument is that "the actual discovery date," by which he apparently means the date that must be treated as the statute of limitations accrual date, was April 21, 2009, the due date of the first interest payment" and the one-year anniversary of the $40,000 "loan." This is because, Rumpel contends, Kneifl knew no later than that date that Rumpel had breached the loan agreement by missing the first interest payment. "[A]s a matter of law," Rumpel argues, the "undisputed date" on which Kneifl "discovered his claims" was April 21, 2009. Rumpel makes vague references to the discovery rule and to events after April 21, 2009, but offers no developed argument on those topics.

¶18    The purported basis for this argument is the following evidence. The "loan agreement" to which Rumpel refers, a document denominated as a "promissory note," signed by the parties, and dated April 21, 2008, provided that "[i]nterest shall accumulate at a percentage rate of 8% annually on the balance of this note until paid in full" and that "[t]he interest shall be due on the anniversary date of this note for prior year." In his pretrial deposition, Kneifl testified that Rumpel did not pay any interest "after the first year, after the second year," aside from one $231 payment in 2008 and $10,000 in 2015.

¶19    For the following reasons, we reject Rumpel's argument that this issue was suitable for summary judgment because only one reasonable inference can be drawn from the facts in the summary judgment record. *See **Dakin v. Marciniak***, 2005 WI App 67, ¶14, 280 Wis. 2d 491, 695 N.W.2d 867 ("When the material facts are undisputed and only one inference can reasonably be drawn,

whether a plaintiff exercises reasonable diligence in the discovery of an injury is a question of law.").

¶20    The issue on the topic that Rumpel raises, properly framed, is not whether Kneifl discovered or with reasonable diligence should have discovered a potential breach of contract in April 2009. The issue is whether Rumpel is correct that the only reasonable inference from all of the evidence submitted on summary judgment was that a reasonable person in Kneifl's shoes, acting with reasonable diligence, had enough information under the circumstances to discover intentional misrepresentations or fraud in April 2009. We conclude that aspects of the summary judgment record could be interpreted to support other inferences.

¶21    Kneifl's testimony in his pretrial deposition included the following. When Rumpel gave him $10,000 in March 2015, Rumpel told Kneifl that Rumpel would "pay the entire loan off, the hundred thousand dollars that year, so I didn't do nothing," and "if he would have paid me off in full, it would have been over with." Rumpel assured Kneifl that Rumpel had a big income, and in any case also assured him that Rumpel would sell the "house or land" that purportedly "secured" the April 21, 2008 "promissory note" to get the money to repay Kneifl, and Kneifl relied on these representations, which included initially promising repayment within two years.

¶22    Further, the April 21, 2008 "promissory note" contained the following condition, which Kneifl testified Rumpel wanted to include, contractually limiting Kneifl's ability to investigate: "Shall [Kneifl] or [his son] say anything to anybody about this agreement[,] [Kneifl] shall forfeit $4000." While this may not be a standard provision to include in a debt acknowledgement of this kind, Rumpel fails to develop an argument that Kneifl should have

understood that this provision was unenforceable or that it should have signaled a fraud scheme to Kneifl.

¶23    We conclude that the evidence we have referenced is sufficient to defeat the only developed argument that Rumpel makes on appeal that we address. The argument is largely conclusory.  Rumpel repeats several times the legal standard under which a plaintiff need be aware only of "such essential facts as will, if diligently investigated, disclose the fraud."  *See Koehler*, 27 Wis. 2d at 278.  But Rumpel fails to direct us to either record evidence or legal authority that could support his argument that on April 21, 2009, Kneifl "had all the facts he needed," on the sole basis (according to Rumpel's argument) that Kneifl had good reason to conclude that "the loan agreement was breached."  A reasonable person understands that contract breaches are not always, or even usually, part of fraud schemes.  Put differently, Rumpel fails even to attempt to come to grips with the fact that the claims were for intentional misrepresentation and fraud, not breach of contract.  Accordingly, we affirm the order for entry of judgment, and reject Rumpel's only developed argument in support of the proposition that the circuit court should have granted Rumpel summary judgment on the statute of limitations issue.

*By the Court*.—Order  affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.