COURT OF APPEALS
DECISION
DATED AND FILED

June 9, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP350**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV7530

IN COURT OF APPEALS
DISTRICT I

BROOKE WORZALLA AND ROBERT WORZALLA,

PLAINTIFFS-APPELLANTS,

SENTRY CASUALTY COMPANY,

INVOLUNTARY-PLAINTIFF-CO-APPELLANT,

V.

ABC INSURANCE COMPANY, AUTO-OWNERS INSURANCE COMPANY, CHUBB NATIONAL INSURANCE COMPANY, INTERPARK HOLDINGS, LLC, INTERPARK, LLC, OLD REPUBLIC INSURANCE COMPANY, PENTAGON PROPERTY SERVICES, LLC, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND US BANK NATIONAL ASSOCIATION A/K/A U.S. BANCORP,

DEFENDANTS,

CUSHMAN & WAKEFIELD U.S., INC. C/O CT CORPORATION SYSTEM,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Milwaukee County: KASHOUA KRISTY YANG, Judge. *Reversed and cause remanded for further proceedings*.

Before Donald, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brooke and Robert Worzalla ("the Worzallas") and Sentry Casualty Company ("Sentry") co-appeal a judgment dismissing the Worzallas' claims against Cushman & Wakefield U.S., Inc. ("Cushman").[1] The Worzallas and Sentry argue that the circuit court erroneously granted summary judgment on the grounds that the claims against Cushman were barred by the three-year statute of limitations in WIS. STAT. § 893.54(1m)(a) (2023-24).[2] The Worzallas further argue that the circuit court should have granted summary judgment in their favor. As discussed below, we conclude that this case does not present a situation where the unconverted facts lead to only one conclusion regarding whether the statute of limitations bars the claims against Cushman. Rather, there are multiple reasonable inferences that can be drawn from the facts. Accordingly, we conclude that summary judgment is not appropriate in this case and we reverse and remand for further proceedings.

---

[1] The Wisconsin Association for Justice filed an amicus brief supporting the Worzallas and Sentry.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

## BACKGROUND

¶2 From July 2017 to August 2019, Brooke worked for a company located in the U.S. Bank Center building in Milwaukee and parked in the garage attached to the building. U.S. Bank, the owner of the garage, contracted with Interpark, LLC to manage, repair, and maintain the garage. Interpark hired Pentagon Property Services, LLC to paint the striped parking lines in the garage.

¶3 On December 17, 2018, Brooke asserts that she parked her vehicle in the garage and as she walked down the ramp towards the elevator, she slipped and fell on the wet, yellow painted lines that marked the pedestrian walkway and injured her ankle.

¶4 Sentry, who issued worker's compensation insurance to Brooke's employer, paid her medical expenses and worker's compensation benefits. A claims adjuster for Sentry informed Brooke that Interpark, Pentagon, and their respective insurers had been placed on notice of the loss.

¶5 On November 29, 2021, the Worzallas retained legal counsel to pursue a personal injury claim. On December 13, 2021, four days before the expiration of the statute of limitations, the Worzallas filed a complaint, naming U.S. Bank, Interpark, Pentagon, and their respective insurers as defendants. Sentry was named as an involuntary plaintiff.

¶6 On March 28, 2022, after the statute of limitations expired, the Worzallas' counsel received discovery responses indicating that Cushman had managerial control over the garage on the date Brooke slipped and fell. The Worzallas' counsel asserted this was the first time he became aware of Cushman.

¶7 On June 1, 2022, the Worzallas filed an amended complaint adding Cushman as a defendant. The Worzallas asserted that Cushman performed facilities management for U.S. Bank and had knowledge that the striped lines were slippery and potentially dangerous. Cushman filed an answer, and affirmatively plead that the Worzallas' claims "may be barred by an applicable statute of limitations."

¶8 On November 1, 2022, the Worzallas filed a second amended complaint, adding Cushman's insurer as a defendant. Cushman filed an answer, and again affirmatively plead that the Worzallas' claims "may be barred by an applicable statute of limitations."

¶9 On August 28, 2023, Cushman filed a motion for summary judgment arguing that the Worzallas failed to bring a claim against Cushman within the applicable statute of limitations pursuant to WIS. STAT. § 893.54(1m)(a).

¶10 In response, the Worzallas filed a brief opposing Cushman's motion and their own motion for summary judgment. The Worzallas argued that their claims were not barred by the statute of limitations because their claims did not accrue until March 28, 2022, when they learned from discovery answers that Cushman had managerial control over the garage. Sentry also filed a brief opposing Cushman's motion, arguing that there were genuine issues of material fact regarding when the Worzallas should have discovered that Cushman had managerial control over the garage.

¶11 On December 15, 2023, a hearing took place and the circuit court heard arguments from the parties. Subsequently, the circuit court denied the Worzallas' summary judgment motion and granted Cushman's summary judgment motion. The court entered a judgment dismissing all claims and cross-claims

4

against Cushman with prejudice. The court found that the Worzallas did not exercise reasonable diligence to discover the responsible parties and there was no genuine issue of material fact.

¶12 The Worzallas appealed and Sentry filed a notice of co-appeal.[3] Additional relevant facts are referenced below.

## DISCUSSION

¶13 To resolve this appeal, we must determine whether summary judgment was properly granted. Whether summary judgment is properly granted is a question of law that we review independently. *MPI Wright LLC v. Goodin Co.*, 2025 WI App 18, ¶19, 415 Wis. 2d 590, 19 N.W.3d 582. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "On summary judgment, we draw reasonable inferences in the light most favorable to the non-moving party." *5 Walworth, LLC v. Engerman Contracting, Inc.*, 2023 WI 51, ¶42, 408 Wis. 2d 39, 992 N.W.2d 31. "[I]f more than one reasonable inference can be drawn from the undisputed facts, summary judgment is not appropriate." *Schmidt v. Northern States Power Co.*, 2007 WI 136, ¶47, 305 Wis. 2d 538, 742 N.W.2d 294; *Jacobs v. Nor-Lake, Inc.*, 217 Wis. 2d 625, 633, 579 N.W.2d 254 (Ct. App. 1998).

---

[3] We note that Cushman contends that the Worzallas' brief on appeal violates various rules of appellate procedure and requests sanctions. *See* WIS. STAT. §§ 809.19(1) & 809.83(2). We have reviewed Cushman's complaints and decline to order sanctions.

¶14 The applicable statute of limitations set forth in WIS. STAT. § 893.54(1m)(a) provides that "an action to recover damages for injuries to the person" must be "commenced within 3 years or be barred[.]" The parties agree that the statute of limitations in this case expired before the amended complaint naming Cushman as a defendant was filed. The parties, however, dispute whether the discovery rule exception to the statute of limitations applies.

¶15 Under the discovery rule, "a tort claim accrues only when the plaintiff discovers, or with reasonable diligence should have discovered, the identity of the alleged tortfeasor." *Spitler v. Dean*, 148 Wis. 2d 630, 631-32, 436 N.W.2d 308 (1989). Reasonable diligence "means such diligence as the great majority of persons would use in the same or similar circumstances." *Id.* at 638.

¶16 Cushman first argues that the discovery rule does not apply here. In support, Cushman asserts that the Worzallas' claims are unlike those of the plaintiffs in *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983), and *Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 388 N.W.2d 140 (1986), and the discovery rule as set forth in those cases does not apply here. Additionally, Cushman asserts that "the statute of limitation is [a] constitutionally protected right for potential defendants." (Capitalization omitted.)

¶17 In *Hansen*, the plaintiff alleged that she was injured by an intrauterine device ("IUD"). *Id.*, 113 Wis. 2d at 552-53. Approximately four years after the insertion of the IUD into her uterus, she began to experience various health problems. *Id.* at 552. Eventually, a doctor removed the IUD and concluded that the plaintiff had pelvic inflammatory disease ("PID"). *Id.* at 553, 561. Our supreme court adopted the discovery rule for tort cases and held that the plaintiff's claim accrued on the date she was diagnosed with PID. *Id.* at 560-61.

The court explained that it would be "manifestly unjust for the statute of limitations to begin to run before a claimant could reasonably become aware of the injury." *Id.* at 559.

¶18 Three years later, our supreme court addressed the discovery rule in *Borello*. In *Borello*, the plaintiff was allegedly injured by a defective furnace more than three years before the filing of her complaint. *Id.*, 130 Wis. 2d at 399-400. The court held that the statute of limitations period did not begin to run until the date that a doctor opined that furnace fumes were the cause of the plaintiff's health issues. *Id.* at 414-15. The court stated that a statute of limitations "should not commence to run until the plaintiff with due diligence knows to a reasonable probability of injury, its nature, its cause, and the identity of the allegedly responsible defendant." *Id.* at 420.

¶19 Following *Hansen* and *Borello*, the discovery rule was again addressed in *Spitler*. In *Spitler*, the plaintiff filed a tort claim alleging that the defendant struck him in the face resulting in injuries. *Id.*, 148 Wis. 2d at 632. The plaintiff argued that the statute of limitations did not begin to run until he learned the identity of his assailant. *Id.* The court agreed, holding that the plaintiff's cause of action did not accrue until the plaintiff "knew the identity of the defendant, or in the exercise of reasonable diligence, should have discovered the identity of the defendant." *Id.* at 636. The court explained:

> This conclusion is in keeping with the equitable principle underlying the statute of limitations, which is to allow plaintiffs their day in court, but also to protect defendants from having to deal with claims which defense against may be seriously impaired by stale or lost evidence. The issue presents a question of balancing the plaintiff's right to seek redress against the duration of the defendant's exposure to liability and the possible prejudices due to delay. Both are concerns of justice. Here, the balance remains in the plaintiff's favor.

7

*Id.* at 636.

¶20     Even if we were to accept Cushman's argument that ***Hansen*** and ***Borello*** are factually distinguishable and the discovery rule as articulated in those cases does not apply here, Cushman does not develop an argument why the discovery rule as set forth in ***Spitler*** does not apply. *See **Spitler***, 148 Wis. 2d at 636 (stating that the cause of action did not accrue until the plaintiff "knew the identity of the defendant, or in the exercise of reasonable diligence, should have discovered the identity of the defendant"). Moreover, Cushman does not explain or identify what constitutional right is allegedly being violated by applying the discovery rule. We do not address undeveloped arguments. ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶21     Cushman next argues that even if the discovery rule applies, the Worzallas failed to act with reasonable diligence.

¶22     In finding that the Worzallas failed to act with reasonable diligence, the circuit court relied on ***Dakin v. Marciniak***, 2005 WI App 67, 280 Wis. 2d 491, 695 N.W.2d 867. We are not persuaded, however, that ***Dakin*** establishes that the Worzallas failed to act with reasonable diligence. ***Dakin*** is factually distinguishable.

¶23     In ***Dakin***, a bus swerved to avoid a car in a Copp's Food Center store parking lot. *Id.*, ¶2. The plaintiff, a passenger on the bus, was thrown from her seat and injured. *Id.* After the applicable statute of limitations expired, upon learning that the driver of the car was an employee of Copp's, the plaintiff amended her complaint to add Roundy's, Inc., Copp's successor. *Id.*, ¶¶1, 3. Roundy's moved for summary judgment on statute of limitations grounds, which the circuit court denied. *Id.*, ¶3. On appeal, this court reversed the circuit court's

order and remanded the matter with directions to grant summary judgment in favor of Roundy's. *Id.*, ¶19. The court held that the plaintiff had police reports identifying the driver of the car, but did not take any steps to investigate him or the accident and "doing nothing was not an exercise of reasonable diligence." *Id.*, ¶¶17-18.

¶24 Here, unlike in *Dakin*, the information about Cushman could not be discovered from reviewing available police reports. Rather, as the Worzallas assert, and Cushman does not dispute, the contract between U.S. Bank and Cushman was private and thus not readily discoverable in the absence of litigation. Accordingly, we are not persuaded that *Dakin* supports the absence of reasonable diligence here.

¶25 Cushman emphasizes that in *Dakin*, the court stated that "the fact that a claim does not accrue until the plaintiff has knowledge of a suable party does not necessarily mean that it does not accrue until all suable parties are known" and the discovery rule "is not a promise to suspend limitations until optimal litigation conditions are established[.]" *Id.*, ¶15. *Dakin*, however, did not hold that a claim always accrues when the first defendant is identified. Instead, the court found that the plaintiff there did not exercise reasonable diligence. *Id.*, ¶¶17-18.

¶26 In addition, in this case, contrary to the circuit court's finding, the record reflects that more than one reasonable inference can be drawn from the facts regarding whether the Worzallas exercised reasonable diligence. *See Schmidt*, 305 Wis. 2d 538, ¶47; *Jacobs*, 217 Wis. 2d at 633.

¶27 On one hand, as the circuit court observed, the Worzallas did not conduct any investigation to discover the existence or the identity of a property

manager and relied on the information from Sentry. Additionally, signs were placed on the inside and the outside of the U.S. Bank building indicating that it was "Professionally Managed by Cushman & Wakefield."

¶28     On the other hand, after identifying U.S. Bank as the owner of the parking garage, Interpark as the manager of the parking garage, and Pentagon as the company that painted the lines, an ordinary person arguably would not have continued to seek out an additional property manager. *See **Borello***, 130 Wis. 2d at 414 (stating that when determining reasonable diligence, an "ordinary person" is not expected to take "extraordinary steps"); ***Jacobs***, 217 Wis. 2d at 635 (noting that reasonable diligence does not require a "superhuman effort" (citation omitted)). Moreover, while there was Cushman signage placed on the inside and outside of the U.S. Bank building, the signage was not posted in or on the garage. As a result, an ordinary person could have inferred that Cushman only managed the building and not the garage. *See **Borello***, 130 Wis. 2d at 414; ***Jacobs***, 217 Wis. 2d at 635. Based on these facts, a reasonable inference can be made in favor of the Worzallas' use of reasonable diligence. Where more than one reasonable inference can be drawn from the undisputed facts, summary judgment is not appropriate. ***Schmidt***, 305 Wis. 2d 538, ¶47; ***Jacobs***, 217 Wis. 2d at 633.

¶29     Therefore, because this case does not present a situation where the unconverted facts lead to only one conclusion regarding whether the statute of

limitations bars the claims against Cushman, we reverse and remand for further proceedings.[4]  *See Schmidt*, 305 Wis. 2d 538, ¶69.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4]  The Worzallas question the proper timing and format of a jury trial on the resolution of reasonable diligence.  This issue was not previously raised before the circuit court.  We do not address issues that are raised for the first time on appeal.  *State v. Bucki*, 2020 WI App 43, ¶74, 393 Wis. 2d 434, 947 N.W.2d 152.